■ In the Matter of the Claim of VINCENT C. HART, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. Claimant was scheduled to return from his vacation on August 19. His truck broke down in Florida on August 16, and claimant testified that he was unable to get it repaired until Monday, August 19. Claimant knew that he was required to call in if he was to be absent, and testified that he tried to call three or four times, but the lines were busy. Claimant made no further attempts to call, and arrived in New York on Wednesday, August 21. He reported to work on that day at about 11:00 A.M. and was notified that he had been discharged. In view of the fact that claimant knew he was required to notify the employer when he would be absent, the board could properly find that claimant's attempt to make only three or four phone calls on August 19, and no attempts to notify the employer on August 20 were insufficient. The board's finding that claimant's failure to give adequate notice to the employer, constitutes misconduct, is supported by substantial evidence and must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of RUBEN SANTOS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits upon the ground he lost his employment due to misconduct in connection therewith. The conduct of claimant, after repeated warnings with respect thereto, rises to the level of misconduct as contemplated in *Matter of James (Levine)* (34 NY2d 491). The finding is supported by substantial evidence and, since it is a factual determination made by the board, it must be affirmed *(Matter of Lester [Catherwood],* 30 AD2d 1025). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.