In the Matter of the Claim of GRACE CICCI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 1975, which reversed the decision of a referee and sustained the initial determinations of the Industrial Commissioner holding claimant ineligible for benefits effective March 9, 1975 because she lost her employment through misconduct in connection therewith. Claimant worked three days per week as a sales and stock clerk for the employer. On March 6, 1975 claimant requested four work days off, informing her supervisor that she did not feel well and wanted to go to Florida for a rest. This request was denied, and claimant was advised that if she did not report to work on March 11 she would be discharged. On March 10, claimant's husband telephoned and advised the employer that claimant would not be at work on March 11 because she was not feeling well. Claimant left for Florida on March 11, returned home March 22, and telephoned her employer to report that she was ready to return to work on March 24, at which time she was advised that she had been discharged. Claimant contends that she had good reason for not reporting to work in that she was ill and that her doctor, whom she had seen on March 10, advised her to rest. The board, however, rejected claimant's contentions because of its finding, supported by the testimony in the record, that claimant had made her reservations to go to Florida before seeing her doctor. The board was, therefore, justified in finding that claimant's unauthorized absence constituted misconduct so as to disqualify her

from receiving unemployment benefits. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.