■ In the Matter of the Claim of SHIRLEY GOLDFARB, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she lost her employment through misconduct in connection therewith. Claimant worked for her last employer for about 14 years as a part-time salesperson. Approximately a month prior to taking a long weekend she informed her manager that she would not be available for work on May 9 or 10. She testified that this was the usual procedure and the manager, in turn, was to advise the employer. On May 6 the matter was mentioned again when it developed that the manager had failed to inform the employer of claimant's plans. The employer was thereafter advised, but claimant was told that if she took off the days, she need not return. Claimant, nevertheless, took off the time, maintaining it was too late to alter her plans. The board found that claimant made the choice of going on vacation instead of holding her job; that she left the job for personal and noncompelling reasons; and her actions constituted misconduct. The determination of the issue of misconduct is a factual one and since this record contains substantial evidence to sustain the board's determination, we must affirm. *(Matter of Desvaux [Levine],* 49 AD2d 778.) Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of FRANK STARICH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective November 20, 1974 because he lost his employment through misconduct in connection therewith. On claimant's application for employment, he indicated he was a high school graduate. Subsequent investigation by his employer revealed that he had not completed high school. Claimant's contentions in support of his claim were rejected by the board and there is substantial evidence to support its determination of misconduct *(Matter of Collazo [Levine],* 51 AD2d 603; *Matter of Gunther [Levine],* 47 AD2d 811). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.