■ In the Matter of the Claim of JEAN R. MOLINARI, Appellant. TOWN OF MT. PLEASANT, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 1991, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On May 2, 1990, claimant informed her supervisor that she would not be working on May 29, 1990 as she had plans to go to Atlantic City, New Jersey, for the day. Although in the past claimant had usually been granted her requests for days off, on this occasion claimant's supervisor informed claimant that she could not take the day off due to a shortage of available personnel. The record also reveals that in March 1990 claimant was advised that her future requests for days off would not be accommodated as regularly as had previously been done. Although claimant was informed on May 24, 1990 that she would be fired if she was absent on the 29th, claimant did not report to work on that day and her employment was therefore terminated. Under the circumstances, the conclusion that claimant's employment ended under disqualifying conditions and that her actions constituted misconduct is supported by substantial evidence and must be upheld (see, Matter of Goldfarb [Levine], 52 AD2d 965; Matter of Cicci [Levine], 52 AD2d 705).

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.