■ In the Matter of Claim of ROCHELLE CHAPMAN, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1991, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Although claimant was to return from her vacation on November 27, 1989, claimant had her friend call her employer and inform him that she would not be back on time. In addition to the fact that this extended vacation was not authorized, claimant's friend never indicated to claimant's employer the specific date of her return or gave a reason for claimant's absence. The record also indicates that although claimant's employer authorized her vacation to November 27, 1989 he was uncomfortable with this decision as the company's fiscal year ended on November 30 and claimant's services were needed. Claimant did not arrive back in New York until December 2, 1989. We find substantial evidence in the record to support the conclusion that claimant's extended absence constituted misconduct not only because it was unauthorized *(see, Matter of Goldfarb [Levine],* 52 AD2d 965; *Matter of Cicci [Levine],* 52 AD2d 705; *Matter of Hart [Levine],* 51 AD2d 1099), but also because it was detrimental to her employer's interest *(see, e.g., Matter of Stickane [Ithaca Coll.—Roberts],* 122 AD2d 476, 477). We also find, as did the Unemployment Insurance Appeal Board, that claimant's conduct constituted a willful disregard for her employment obligations. First, claimant never personally called her employer until her return. In addition, she waited several days before attempting to remedy her car problem and ultimately had to have the work done on November 27, 1989, the date she was to return to work. Finally, when her car was repaired on November 28, claimant waited another three days before she started driving back to New York.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.