■ In the Matter of the Claim of Karen R. Christian, Appellant. John E. Sweeney, as Commissioner of Labor, Respondent. [658 NYS2d 458] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 8, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a purchasing assistant at a company that sold graphic art supplies. After notification that her request for a raise had been denied, claimant left work early and did not return for a week, explaining that she needed

this time off to recover from the resulting emotional trauma. After her second day's absence, the employer notified claimant that her absence was unauthorized and would not be tolerated. When claimant finally appeared at work, she was informed that her employment had been terminated. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. We affirm.

Unauthorized absences from work have been found to constitute disqualifying misconduct (*see, Matter of Cassaro [Sweeney]*, 221 AD2d 790; *Matter of Lespier [Hartnett]*, 178 AD2d 704), as have acts that are detrimental to the employer's interest (*see, Matter of Chapman [Hudacs]*, 190 AD2d 941). Testimony included in the record discloses not only that claimant did not receive permission to take a week off, but also that no one else had been trained to perform claimant's job responsibilities in her absence. The Board's finding of disqualifying misconduct on the part of claimant was supported by substantial evidence and it is, accordingly, affirmed.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.