■ In the Matter of the Claim of CHARLES F. ASHFORD, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [661 NYS2d 877] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

On June 26, 1995, claimant was warned that his failure to notify his supervisor when he would be late for work would result in his immediate termination. Apparently claimant disregarded this warning on two occasions without any consequences; however, on the third occasion when he failed to appear at a meeting, he was terminated. Substantial evidence supports the ruling of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. An employee's unauthorized absence from work has been found to constitute disqualifying misconduct (see, Matter of Valycheva [Hudacs], 189 AD2d 1051), as has the failure to follow established procedures regarding notification of absences (see, Matter of Caravan [Hartnett], 179 AD2d 972). This is especially true in cases, such as the instant matter, where the claimant's absence is detrimental to the employer's interest (see, Matter of Chapman [Hudacs], 190 AD2d 941). Claimant's argument that his employer waived the warning lacks substance since there is no proof that his supervisor knew of or condoned his two prior unauthorized absences.

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.