■ In the Matter of the Claim of GLADYS A. MANJARREZ, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [638 NYS2d 252] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1993, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her employment as a bank teller because she was late to work on numerous occasions despite being warned that her lateness was unacceptable. She claims that because her lateness was attributable to events beyond her control, the Board's decision disqualifying her from

benefits upon the ground that she was terminated for misconduct is not supported by substantial evidence. Inasmuch as claimant conceded that she was late in getting to work 10 to 11 times, we find that substantial evidence supports the Board's decision. It was claimant's responsibility to heed her employer's warnings and the excuses she offered for her tardiness do not negate her misconduct. Continued lateness, after adequate warnings, constitutes misconduct (*see, Matter of Brown [Hartnett]*, 176 AD2d 425). Moreover, we find no merit to claimant's assertion that her lateness was merely a pretext for her termination.

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.