■ In the Matter of the Claim of Henry H. Ducat, Appellant. John E. Sweeney, as Commissioner of Labor, Respondent. [647 NYS2d 125] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged for excessive tardiness from his position as a rehabilitative specialist, and the Board disqualified him from receiving unemployment insurance benefits upon the basis that he was terminated for misconduct. Claimant asserts that his lateness did not constitute misconduct because it was attributable to the fact that he had to bring his daughter to school before work. The record, however, discloses that claimant failed to undertake reasonable efforts to secure alternative child care arrangements and, further, those efforts that were undertaken were abandoned, at least in part, due to claimant's belief that he should spend time with his daughter in the morning. Additionally, the record reveals that claimant was consistently late for work despite his employer's warnings that his continued tardiness would result in his dismissal. Therefore, we find that substantial evidence supports the Board's decision that claimant was terminated for misconduct (see generally, Matter of Paul [Hartnett], 171 AD2d 910, lv denied 78 NY2d 852 [excessive lateness constitutes misconduct]).

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.