■ In the Matter of the Claim of Francis X. Downey, Appellant. Commissioner of Labor, Respondent. [675 NYS2d 428] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed March 9, 1998, which, upon reconsideration, adhered to its prior decision.

Claimant, a postal worker who was scheduled to be terminated from his employment, entered into a last-chance agreement whereby his termination would be held in abeyance for two years provided that he satisfactorily complete a substance abuse program. The agreement specified that the original termination would be invoked in the event that claimant failed to comply with the terms of the agreement. Claimant was terminated from his employment after he was removed from the substance abuse program for nonattendance. The Unemployment Insurance Appeal Board ruled, *inter alia*, that claimant was disqualified from receiving benefits because he lost his employment under disqualifying circumstances. We affirm. The arbitrator's factual findings were properly given collateral estoppel effect in view of the fact that claimant had a full and fair opportunity to litigate the misconduct issue at the arbitration hearing (*see, Matter of Carter [New York City Dept. of Personnel—Sweeney]*, 242 AD2d 777, *lv denied* 91 NY2d 809). Inasmuch as the arbitrator found that claimant failed to comply with the terms of the last-chance agreement despite his knowledge that such conduct would lead to his termination, we find that substantial evidence supports the Board's decisions

(*see, Matter of Kilgore [Triboro Coach Corp.—Sweeney]*, 227 AD2d 710). We have reviewed claimant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.