■ In the Matter of the Claim of VICTOR E. HUNTT, Appellant. COMMISSIONER OF LABOR, Respondent. [684 NYS2d 7] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 15, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a keyboard specialist, signed an agreement, effective October 2, 1995, consenting to a one-year term of probation in lieu of being discharged for poor attendance. The agreement provided, inter alia, that claimant would be terminated without further recourse if he failed to provide bona fide "medical documentation for all absences due to sick leave and family sick leave". Thereafter, on November 27, 1995, claimant did not go to work because his three-year-old son, who had asthma, had been ill over the weekend and claimant had to stay home to administer asthma medicine as a precaution. Apparently,

the day care center where claimant had enrolled his son would not administer medication. Claimant explained the situation to the employer and was advised that he had to produce medical documentation to substantiate the family sick leave per the probationary agreement. Claimant failed to provide this documentation explaining that there was no need to take the child to the doctor on November 27, 1995 since he had plenty of medication at home. As for simply speaking to a physician over the telephone who could have then provided a note supporting the legitimacy of claimant's absence, claimant stated that he could not provide this since his son had no regular physician and he usually took him to a clinic located some distance from his home. Claimant was thereafter terminated for failing to provide medical documentation.

Inasmuch as claimant violated the reasonable terms of his agreement with knowledge that such conduct would result in his termination, we find that substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct (*see, e.g., Matter of Prior [Commissioner of Labor]*, 254 AD2d 669; *Matter of Downey [Commissioner of Labor]*, 252 AD2d 709). Claimant was well aware of his son's medical condition at the time he signed the probation agreement, yet he failed to arrange adequate alternate child care in order to protect his employment (*see, Matter of Ducat [Sweeney]*, 231 AD2d 796). We have reviewed claimant's remaining contentions and find them to be unpersuasive under the circumstances.

Mikoll, J. P., Mercure, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.