■ In the Matter of the Claim of JOHN A. ANDERSON, Appellant. CARBORUNDUM ABRASIVES NORTH AMERICA, Respondent; COMMISSIONER OF LABOR, Respondent. [687 NYS2d 821] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 3, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged for excessive tardiness from his position as a packer for an abrasives manufacturer, and the Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits upon the basis that he was terminated for misconduct. Claimant maintains that his final incidence of lateness to work on March 10, 1998 did not constitute misconduct because it was caused by his child's day-care center's failure to open on time due to poor weather conditions. Not only does the record contain differing accounts by claimant and his witnesses as to the reason for his lateness on that morning, but, in addition, the day-care center informed the local unemployment office that it had opened on time. The Board's decision not to credit claimant's exculpatory explanation is a credibility issue for it to resolve (*see, Matter of Hardon [City of New York—Hartnett]*, 176 AD2d 430). Significantly, the record reveals that, during the last year of his employment, claimant received several verbal and written warnings and two suspensions regarding his attendance and he had been issued a final warning that any further absence or tardiness would result in his dismissal. Thus, under the circumstances, we find that substantial evidence supports the Board's decision that claimant was terminated for disqualifying misconduct (*see, Matter of Ducat [Sweeney]*, 231 AD2d 796). We have reviewed claimant's remaining contentions and find them to be unpersuasive.

Yesawich Jr., J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.