■ In the Matter of the Claim of DANIEL T. QUILTY, Appellant. COMMISSIONER OF LABOR, Respondent. [701 NYS2d 456] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1999, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an alcoholic, was discharged from his employment as a probation officer in 1996 due to excessive absenteeism. Claimant grieved the discharge and, after arbitration hearings, was reinstated to his former position. Pursuant to the arbitration agreement, the employer offered claimant an opportunity to participate in an employee assistance program (hereinafter EAP). Consequently, claimant entered into an agreement stipulating that he would enter and complete a treatment program recommended by the EAP with the understanding that his employment would be terminated if he failed to comply with any of the provisions of the agreement. Thereafter, claimant failed to enter the in-patient facility on May 18, 1998 as required and EAP notified the employer of this fact the next day. The employer then directed claimant to attend a meeting on May 22, 1998 to explain his failure to report for treatment. The evening before the meeting date, claimant left a brief voice

mail message with his supervisor's secretary indicating that he would not be able to attend the meeting and he realized his job was in jeopardy. Claimant was subsequently discharged effective May 28, 1998.

In our view, substantial evidence supports the ruling of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct (*see, Matter of Downey [Commissioner of Labor]*, 252 AD2d 708). Although claimant asserts that he was unable to begin his scheduled treatment for "personal reasons" and should have been allowed an opportunity to reschedule the appointment, our review of the record reveals no reason to disturb the Board's decision (*see, Matter of Huntt [Commissioner of Labor]*, 257 AD2d 760). We have reviewed claimant's remaining contentions and find them to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.