■ In the Matter of the Claim of CHRISTINE M. STEARNS, Appellant. WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [701 NYS2d 714] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a school bus driver, was suspended from her duties in 1997 after a blood alcohol test showed an unacceptably high level of alcohol in her blood. Claimant thereafter completed a substance abuse program and was allowed to return to work. Notably, claimant was informed in writing that she would be subject to a five-year period of frequent, randomly scheduled alcohol testing and a positive result would result in her dismissal. Subsequently, claimant was discharged after a December 2, 1998 alcohol test performed shortly after she completed her morning driving duties was shown to exceed the employer's maximum level for a safety sensitive job.

Inasmuch as claimant violated the reasonable terms of the employer's alcohol policy despite being warned of the consequences for doing so, we find that substantial evidence supports the Unemployment Insurance Appeal Board's decision

that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct (*see, Matter of Lugo [Milford Mgt.—Commissioner of Labor]*, 251 AD2d 742, *appeal dismissed* 92 NY2d 939, *lv denied* 92 NY2d 819). Although claimant testified that her unacceptably high alcohol level was caused by wine she had consumed the night before and her use that morning of a combination of cough syrup, mouthwash and prescription medication which she did not know enhanced the effect of alcohol, the Board aptly noted that claimant was well aware of the employer's prior warning and the safety sensitive nature of her duties, yet she failed to protect her employment by investigating the possible effects of all medications and beverages she consumed (*see, Matter of Ducat [Sweeney]*, 231 AD2d 796).

We have reviewed claimant's remaining contentions and find them to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.