■ In the Matter of the Claim of BERYL A. NYACK, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 215] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a mail carrier for the United States Postal Service until her discharge for repeated lateness, which persisted despite numerous written warnings that continued tardiness could result in her termination. Chronic lateness, following adequate warnings, may disqualify a claimant from receiving benefits (*see Matter of Chapman [Commissioner of Labor]*, 275 AD2d 857 [2000]; *Matter of Manjarrez [Sweeney]*, 224 AD2d 872, 873 [1996]). Claimant does not deny that she was chronically late, but asserts that her difficulties were usually caused by her lengthy commute and the fact that her children's day care provider would not accept her children sufficiently early in the morning to enable her to arrive at work on time. However, the record shows no indication that she attempted to secure alternate child care arrangements that would have accommodated her need to be on time, thereby protecting her employment (*see Matter of Huntt [Commissioner of Labor]*, 257 AD2d 760, 761 [1999]; *Matter of Ducat [Sweeney]*, 231 AD2d 796 [1996]). Based on the circumstances presented

here, substantial evidence supports the decision of the Unemployment Insurance Appeal Board.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.