In the Matter of the Claim of NORMA J. RUSH, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 817]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a general support staff worker for a vinyl fencing company until she was discharged for failing to report to work on time. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Continued lateness, despite prior warnings, can constitute disqualifying misconduct (*see Matter of Nyack [Commissioner of Labor]*, 304 AD2d 1002 [2003]; *Matter of Manjarrez [Sweeney]*, 224 AD2d 872 [1996]). The record establishes that claimant had a history of being late for work and was given a final warning that any further incidents would result in her termination. Although claimant maintains that her tardiness was due to circumstances beyond her control, the record establishes that she had been late on two prior occasions that week for the same reason. Under these circumstances, the Board's finding that claimant failed to take appropriate steps to avoid being late for work due to a foreseeable transportation delay will not be disturbed (*see id.*). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.