■ In the Matter of the Claim of EDWARD MICHELFELDER, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1979, which reversed the decision of an Administrative Law Judge and reinstated the determination of the local office disqualifying claimant from benefits because of misconduct. When this matter was before us originally, we withheld determination for 20 days pending notification as to whether an application for reopening would be made to the board. Both the Industrial Commissioner and claimant have advised that no such application will be made. Accordingly, we proceed to the merits. By initial determination, the Industrial Commissioner held claimant to be ineligible for benefits because he lost his employment as a store detective due to misconduct (Labor Law, § 593, subd 3). The misconduct found was claimant's failure to call in on April 4, 1979 to report that he would be absent due to illness after having been warned that he was required to call in prior to the commencement of his shift. Claimant sought review of this determination and it was subsequently overruled by an Administrative Law Judge who found that claimant had a reasonable explanation for his failure to report and that, in view of his exemplary work record, his actions did not constitute misconduct. Upon an

appeal by the employer, the decision of the Administrative Law Judge was reversed by the board and the determination of the local office reinstated. We conclude that the determination of the board is supported by substantial evidence. Decision affirmed, without costs. Mahoney, P.J., Sweeney, Casey and Herlihy, JJ., concur.