■ In the Matter of the Claim of MELVIN DOUGLAS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1987, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged by his employer due to his excessively high rate of absenteeism and tardiness. In appealing the Unemployment Insurance Appeal Board's affirmance of a decision from an Administrative Law Judge (hereinafter ALJ) denying claimant benefits because his actions before he was discharged constituted misconduct, only two of claimant's

arguments merit discussion. He first argues that the ALJ improperly relied on factual findings made in a prior arbitration proceeding. However, the doctrine of collateral estoppel applies to arbitration proceedings and can serve as a bar to relitigating certain findings of fact *(see, Clemens v Apple,* 65 NY2d 746, 749; *Matter of Ranni [Ross],* 58 NY2d 715, 717). For the doctrine to apply, there must be an identity of issue and a full and fair opportunity to litigate the issue in the first proceeding *(Clemens v Apple, supra,* at 748). Claimant's only quarrel is with the full and fair opportunity requirement. We reject this argument and note that claimant freely chose the forum by filing a grievance and by asking for arbitration. He had every incentive to litigate his claim vigorously insofar as his job was at stake and he was fully represented by his union. Therefore, the ALJ and the Board properly found themselves bound by the arbitrator's factual findings in this case *(see, Matter of Guimarales [New York City Bd. of Educ.— Roberts],* 68 NY2d 989, 991). Furthermore, the ALJ correctly noted that he was free to reach his own conclusions as to whether claimant's behavior constituted "misconduct" *(see, supra).*

Claimant also disputes the finding that his actions rose to the level of misconduct within the meaning of the Labor Law *(see,* Labor Law § 593 [3]). It is true that not every discharge for cause necessarily constitutes misconduct *(see, Matter of Hulse [Levine],* 41 NY2d 813, 814; *Matter of James [Levine],* 34 NY2d 491, 498). Upon our review of the record, however, the Board's conclusion that claimant's level of absenteeism and actions leading up to his termination constituted misconduct was fully supported by substantial evidence *(see, Matter of Herwig [Ross],* 68 AD2d 997, *lv denied* 48 NY2d 606; *Matter of Effress [Levine],* 52 AD2d 708). Accordingly, the Board's decision should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.