■ In the Matter of the Claim of WINSTON HELWIG, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 1989, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct and charged him with a recoverable overpayment of benefits.

Although claimant knew that the proper procedure when he would be absent from work was to call in and inform his supervisor, the record supports the conclusion that claimant failed to do this for a number of days. To the extent that the testimony was conflicting, this created only a question of credibility which is within the exclusive province of the Unemployment Insurance Appeal Board (see, Matter of Padilla [Roberts], 113 AD2d 997). It has been held that unreported absences from work constitute misconduct warranting the employee's disqualification from receiving unemployment insurance benefits (see, Matter of Michelfelder [Ross], 80 AD2d 969; Matter of Rossano [Levine], 52 AD2d 1006). Finally, the Board properly found that the overpayments made to claimant are recoverable (see, Matter of Barber [Roberts], 121 AD2d 767, 769; Matter of Easy [Roberts], 112 AD2d 573).

Decision affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.