■ In the Matter of the Claim of THOMAS SLIGH, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 1990, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

There is substantial evidence in the record to support the Unemployment Insurance Appeal Board's decision that claimant lost his job as a porter for a cleaning contractor due to excessive absenteeism. The evidence established that claimant had both oral and written warnings that his attendance needed improvement and that his job was in jeopardy. At the hearings claimant admitted that he had been absent on several occasions and that he had received these warnings.

Claimant further admitted that he failed to go to work for an entire week without calling in because a co-worker told him he was fired, yet he testified that when he asked his supervisors they said that they knew nothing about it. It has been held that unreported and excessive absences from work constitute misconduct warranting the employee's disqualification from receiving unemployment insurance benefits *(see, Matter of Douglas [Hartnett],* 143 AD2d 458, 459; *Matter of Patterson [Levine],* 50 AD2d 703, *appeal dismissed* 38 NY2d 937). We have examined claimant's remaining contentions and find them lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.