■ In the Matter of the Claim of HOLLIS HEAD, JR., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that claimant's late arrival for work without having notified his employer in advance of his tardiness constituted misconduct (see, Matter of Grosso [Levine], 52 AD2d 964). Claimant conceded that at the time he was hired he received a copy of the employer's rules, which set forth the procedure for notifying the employer of an intended absence or lateness and warned that irregular attendance could lead to discharge. After being absent without leave on several occasions, claimant signed a written warning notifying him that he would be terminated if he failed to notify the employer that he would be late or absent in accordance with the employer's rules. To the extent that claimant's testimony differed with respect to the circumstances surrounding the tardiness which resulted in his dismissal, this merely raised a credibility issue for the Board to resolve (see, Matter of Woods [Ross], 54 AD2d 515). We also note that unreported and excessive absenteeism has previously been held to constitute misconduct warranting the denial of unemployment insurance benefits (see, Matter of Douglas [Hartnett], 143 AD2d 458; Matter of Michelfelder [Ross], 80 AD2d 969).

Casey, J. P., Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.