■ In the Matter of the Claim of JUDAH A. KESSLER, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [597 NYS2d 229] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

There is substantial evidence in the record to support the conclusion by the Unemployment Insurance Appeal Board that claimant's discharge for failing to properly call in to report that he would be absent due to illness constituted misconduct *(see, Matter of Grosso [Levine],* 52 AD2d 964; *Matter of Mankowski [Levine],* 50 AD2d 962). Claimant's employer had warned him about his excessive lateness and absenteeism and at the time of the incident claimant was on final warning regarding this behavior. Claimant also admitted that he knew he was required to call in absences at least two hours before the start of his shift. Nevertheless, on the day in question, claimant did not call in to say he would be absent until 5:00 P.M. (he was scheduled to arrive at 3:00 P.M.). To the extent that claimant's proffered explanation for the delay was rejected, this merely raised a question of credibility which was for the Board to resolve *(see, Matter of Padilla [Sephardic Home for the Aged—Roberts],* 113 AD2d 997). We also note that unreported and excessive absenteeism from work has been held to constitute misconduct warranting an employee's disqualification from receiving unemployment insurance benefits *(see, Matter of Douglas [Hartnett],* 143 AD2d 458; *Matter of Michelfelder [Ross],* 80 AD2d 969).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.