■ In the Matter of the Claim of ERNEST JENSEN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [656 NYS2d 952] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

As a result of being absent from work for over seven days without a medical reason, claimant was terminated from his employment as a dock worker. The Unemployment Insurance Appeal Board ruled that claimant was guilty of disqualifying misconduct because his termination resulted from his unauthorized absences. Claimant appeals, contending that the section of the union contract cited by his employer does not authorize dismissal but merely deals with loss of seniority due to an extended absence. Although the employer references the seniority section of the union contract, claimant was not discharged pursuant to this section but, rather, was deemed to have voluntarily quit due to his extended absence. As such, claimant's reliance on *Matter of Sibble (Ross)* (54 AD2d 778) is misplaced.

It is well settled that unauthorized absences from work can constitute misconduct warranting disqualification from receiving unemployment insurance benefits (*see, Matter of O'Grady [Hudacs]*, 195 AD2d 661; *Matter of Kessler [Hudacs]*, 192 AD2d 1008). As there is no dispute that claimant was absent from work for over seven consecutive days without medical justification, we find that there is substantial evidence to support the Board's decision that claimant was terminated due to misconduct.

White, J. P., Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.