■ In the Matter of the Claim of VICTORIA K. BRABAND, Respondent. RF TECHNOLOGIES, Appellant; JOHN E. SWEENEY, as

Commissioner of Labor, Respondent. [657 NYS2d 222] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 11, 1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for the employer from January 1995 until June 1995. She resigned from her position as a result of her supervisor's alleged sexual harassment. Claimant was initially disqualified from receiving unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. After a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the initial determination. The Unemployment Insurance Appeal Board subsequently reversed the ALJ's decision and ruled that claimant was entitled to receive benefits. This appeal by the employer ensued.

The employer initially contends that the Board should not have substituted its judgment for that of the ALJ without conducting further hearings. We find this claim to be without merit. Labor Law § 621 (3) provides, in pertinent part, that: "The appeal board may decide any case appealed to it under any provision of this article on the basis of the record and of evidence previously submitted in such case, or it may in its discretion hear argument or hold a further hearing, or remand such case to a referee for such purposes as it may direct." Clearly, the statute does not require the Board to hold a hearing whenever it renders a decision different from that of the ALJ. Consequently, we find that the Board did not err in declining to do so in the situation at hand.

The employer further argues that the record does not contain substantial evidence of sexual harassment at the workplace which justified claimant in leaving her employment. Claimant testified to various incidents of sexual harassment by her supervisor and stated that she had filed a complaint with the Division of Human Rights. Claimant's supervisor, on the other hand, denied or explained away many of the incidents and stated that he was dissatisfied with claimant's work attire, attendance and work performance. A co-worker corroborated one incident described by claimant, but explained that the conversation had been directed toward him. This conflicting evidence clearly presented a question of credibility for the Board to resolve (see, Matter of Talyansky [Magna Prods. Corp.—Sweeney], 236 AD2d 728; Matter of Sulenski [Sweeney], 233 AD2d 740) and, to the extent that the Board chose to credit claimant's testimony, we find that substantial evidence supports its decision.

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.