In the Matter of the Claim of DARREN R. MILLER, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 284]—

Spain, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 2003, which ruled that claimant was disqualified from receiving unemployment insur-

ance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment at the United States Postal Service after he called in sick on two consecutive days, having been previously warned about and disciplined for, among other things, his excessive tardiness and absences. According to his supervisor, when asked for an explanation upon his return to work, claimant initially provided no reason for the final two absences and, at a meeting about two weeks later, said that he was absent because he was "stressed out." Claimant testified that his reference to stress related to his absences overall, but that he was absent due to a cold on the two days in question. Claimant now appeals from a decision of the Unemployment Insurance Appeal Board finding that his discharge was due to disqualifying misconduct.

We initially address claimant's argument that the Board abused its discretion in declining to consider, in the first instance, certain evidence not introduced at the hearing. Indeed, the Board has the discretionary power to conduct an additional hearing and allow further evidence to be introduced (*see* Labor Law § 621 [3]; 12 NYCRR 463.1 [f] [2]; 463.2 [b]; 463.3 [b]; *Matter of Braband [RF Tech.—Sweeney]*, 239 AD2d 627, 628 [1997]). However, claimant offered no valid explanation for his failure to submit the evidence earlier (*see Matter of Allen,* 266 App Div 706 [1943]). In addition, while portions of the material would have been helpful in undermining the credibility of the employer's witnesses, the evidence as a whole reinforces the Board's finding that claimant had a history of attendance problems. As such, we find that the Board did not abuse its discretion in denying claimant's request to submit new evidence.

Substantial evidence supports the Board's decision that claimant lost his employment due to disqualifying misconduct. "It is well settled that continued absenteeism and tardiness despite previous warnings can constitute disqualifying misconduct" (*Matter of Schnabel [Commissioner of Labor]*, 307 AD2d 572, 572 [2003] [citations omitted]). There is no dispute here that claimant had been previously disciplined for his attendance problems. Moreover, claimant gave conflicting accounts of the reason that he was absent the two days in question and failed to provide suggested medical documentation, which presented a credibility issue to be resolved by the Board (*see Matter of Iglesias [Commissioner of Labor]*, 297 AD2d 849, 850 [2002]). Claimant's remaining contentions, including that the Board arbitrarily failed to adhere to its previous decisions, have been reviewed and found to be without merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.