■ In the Matter of the Claim of TOMEKA K. OLIVER, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 809]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 5, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked at a hospital as a part-time phlebotomist from February 2002 until August 2004. After receiving several warnings concerning her excessive absenteeism, claimant failed to report to work on August 10, 11, 12 and 13, 2004. Her supervisor subsequently advised her that she would be terminated if she did not report to work on August 20, 2004, and she failed to report on that date. On August 23, 2004, claimant resigned in lieu of being discharged and applied for unemployment insurance benefits. After extended proceedings, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct. Claimant now appeals.

We affirm. We note that "[a] claimant's continued absenteeism after numerous warnings may constitute disqualifying misconduct" (*Matter of Garcia-Primer [Commissioner of Labor]*, 9 AD3d 730, 731 [2004]; *see Matter of Miller [Commissioner of*

*Labor]*, 9 AD3d 567, 568 [2004]). Here, claimant had a history of attendance problems dating back to November 2003 and was on notice that her failure to report to work on August 20, 2004 would result in the loss of her job. Although she attributed her absences to her fear of a man who waited outside her apartment before she left for work, this testimony presented a credibility issue for the Board to resolve (*see Matter of Miller [Commissioner of Labor], supra* at 568; *Matter of Head [Hartnett]*, 176 AD2d 1126 [1991]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.