■ In the Matter of the Claim of MICHELLE CUILLO, Appellant. COMMISSIONER OF LABOR, Respondent. [830 NYS2d 367]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 3, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer as a laborer from November 15, 2004 until July 19, 2005. Due to her excessive tardiness and absenteeism, she received a final written warning on July 6,

2005 advising her that any further absences would result in her termination. Thereafter, when claimant's request to take half a day off was denied, she called in sick. Her employment was terminated as a result. The Unemployment Insurance Appeal Board denied her claim for unemployment insurance benefits on the ground that her employment was terminated for misconduct. Claimant appeals.

We affirm. "It is well settled that excessive absenteeism following written warnings may constitute disqualifying misconduct" (*Matter of Iglesias [Commissioner of Labor]*, 297 AD2d 849, 849-850 [2002] [citations omitted]; *see Matter of Oliver [Commissioner of Labor]*, 20 AD3d 853, 853 [2005]). Here, despite numerous warnings, claimant was late or absent 37 times during her 35 weeks of employment. Accordingly, substantial evidence supports the Board's denial of benefits on the ground that claimant was discharged for misconduct.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.