■ In the Matter of the Claim of HOLLIE A. SEABROOK, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 683]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked the night shift as a part-time senior clerk at a hospital. She also had a temporary seasonal job selling merchandise at the US Open tennis tournament for two weeks each year. Although she had received a prior written warning regarding her absenteeism and that further absences would result in "termination," claimant failed to report to her shift at the hospital on August 26, 2006 because she was working late at her job at the US Open. As a result, she was discharged from her position. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant appeals.

We affirm. Excessive absenteeism, which persists despite prior written warnings, has been found to constitute disqualifying misconduct (*see Matter of Cuillo [Commissioner of Labor]*, 37

AD3d 896, 897 [2007]; *Matter of Iglesias [Commissioner of Labor]*, 297 AD2d 849, 849-850 [2002]). In the case at hand, there is no dispute that claimant was previously warned about her absences, but failed to report to her job at the hospital in favor of remaining at her temporary job at the US Open. Inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.