■ In the Matter of the Claim of FRITZ J. ORZELEK, Appellant. COMMISSIONER OF LABOR, Respondent. [851 NYS2d 282]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 30, 2006, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a mill work specialist at a retail home improvement center from September 2005 until July 2006. He was discharged after he repeatedly violated the employer's attendance policy. Claimant applied for and received unemployment insurance benefits in the amount of $108.50. The Unemployment Insurance Appeal Board, however, subsequently disqualified him from receiving benefits on the ground that his employment was terminated due to misconduct. The Board also charged him with a recoverable overpayment and imposed a forfeiture penalty. Claimant appeals.

We affirm. " 'It is well settled that continued absenteeism and tardiness despite previous warnings can constitute disquali-

fying misconduct' '' (*Matter of Miller [Commissioner of Labor]*, 9 AD3d 567, 568 [2004], quoting *Matter of Schnabel [Commissioner of Labor]*, 307 AD2d 572, 572 [2003]). Here, claimant had received repeated warnings concerning his absenteeism and tardiness prior to his late arrival to work on July 8, 2006, which was the incident precipitating his discharge. Notably, he was aware that he had accumulated sufficient points under the employer's attendance policy as a result of his violations and that his discharge was imminent (*see Matter of King [Commissioner of Labor]*, 8 AD3d 807, 807 [2004]). Under these circumstances, substantial evidence supports the Board's finding of misconduct. Moreover, inasmuch as claimant falsely represented when applying for benefits that he was discharged because he was unable to meet standards, we find no error in the Board's imposition of a recoverable overpayment and forfeiture penalty (*see Matter of Dunn [Sweeney]*, 240 AD2d 801, 802 [1997]).

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.