■ In the Matter of the Claim of BOBBY GARRETT, Appellant. COMMISSIONER OF LABOR, Respondent. [888 NYS2d 331]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 2008, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a medical case manager for a community-based health organization. In January 2008, claimant received a written warning regarding both excessive absenteeism and his failure to follow proper procedures in notifying his employer when he was going to be absent. Claimant was warned that he must reduce his absences and notify his supervisor by 8:00 A.M. on any day he would not be in the office. In February 2008, claimant was absent six straight work days. Although he properly reported that he would not be in on the first two days, he did not call in on the third day until 11:00 A.M. and did not call in at all the other three days. As a result, he was notified that the employer considered his failure to report to work or notify his supervisor of his absence as a voluntary separation from his employment. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was ineligible for benefits on the basis of misconduct. Upon reopening and reconsideration, the Board adhered to its original decision, prompting this appeal.

Both excessive absenteeism (*see Matter of Seabrook [Commissioner of Labor]*, 45 AD3d 1165, 1165 [2007]) and the violation of established policies and procedures regarding the notification of absences (*see Matter of Glowinski [Commissioner of Labor]*, 5 AD3d 839, 840 [2004]; *Matter of Jimenez [Commissioner of Labor]*, 301 AD2d 716, 716-717 [2003]) have been found to constitute disqualifying misconduct. Here, claimant admitted to repeatedly failing to comply with the employer's call-in policy when absent from work, despite being warned that such conduct could lead to his termination. Accordingly, the Board's determination is supported by substantial evidence and it will not be disturbed.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.