■ In the Matter of Christian B. Jaiyesimi, Respondent. ISS Action Inc., Appellant; Commissioner of Labor, Respondent. [979 NYS2d 720]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for the employer as a security guard from June 2010 until September 2011. He was scheduled to work on September 9, 2011, but failed to report to his shift or call the employer in advance in violation of the employer's no call/no show policy. He was terminated as a result. Claimant applied for unemployment insurance benefits and the Department of Labor found that he was eligible to receive them, but the employer objected. Following a hearing, an Administrative Law Judge overruled the employer's objection and upheld the Department's determination. The Unemployment Insurance Appeal Board affirmed this decision and found that claimant was entitled to receive benefits. The employer appeals.

The employer contends that claimant is not entitled to receive unemployment insurance benefits because he engaged in disqualifying misconduct. Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (*see Matter of Hallock [Commissioner of Labor]*, 107 AD3d 1288, 1289 [2013]; *Matter of Alegria [Commissioner of Labor]*, 107 AD3d 1290, 1291 [2013]). We acknowl-

edge that a claimant's continued absence from work despite repeated warnings and failure to comply with an employer's policies regarding absences have been held to constitute disqualifying misconduct (*see Matter of Berkeley [Commissioner of Labor]*, 94 AD3d 1328, 1328-1329 [2012]; *Matter of Garrett [Commissioner of Labor]*, 67 AD3d 1160, 1161 [2009]; *Matter of Orzelek [Commissioner of Labor]*, 47 AD3d 1143, 1143-1144 [2008], *lv denied* 10 NY3d 709 [2008]; *Matter of King [Commissioner of Labor]*, 8 AD3d 807, 807-808 [2004]). Here, however, the evidence established that the incident in question was the only time that claimant was absent from work in violation of the employer's no call/no show policy and his absence was attributable to his mistaken belief that he did not have to work that day. Under these circumstances, the Board could reasonably conclude that, although claimant's violation of the employer's policy was sufficient to justify his termination, this was an isolated incident that did not rise to the level of disqualifying misconduct (*see Matter of McKoy [LB&B Assoc., Inc.—Commissioner of Labor]*, 27 AD3d 922, 923 [2006]). The cases relied upon by the employer in support of its contention that the Board has failed to follow precedent are factually distinguishable from the case at hand. Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.