State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 10, 2016                522487
_____

In the Matter of the Claim of
    MELINDA S. MEAD,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   September 20, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Mulvey, JJ.

                    _____


        Melinda S. Mead, Dunkirk, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 9, 2015, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        Claimant worked as a packer for an ice cream manufacturing
company for 11 years.  She was chronically absent from work and,
between March 2015 and May 2015, received three warnings from her
employer regarding this problem.  The final written warning,
issued in May 2015 after claimant had exhausted her personal
leave, advised her that further absenteeism would result in
discipline, including possible termination.  On June 28, 2015,
claimant was scheduled to work, but called in before the start of
her shift and left a message that she would not be coming in
because she was stranded.  She later explained that she was at
her boyfriend's house an hour away and could not get to work
because his car had broken down.  Claimant was terminated as a
result.  Her application for unemployment insurance benefits was

initially denied on the ground that her employment was terminated due to misconduct. This determination was upheld by an Administrative Law Judge following a hearing and later by the Unemployment Insurance Appeal Board. Claimant appeals.

We affirm. Excessive absenteeism, which continues despite repeated warnings, has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Berkeley [Commissioner of Labor], 94 AD3d 1328, 1328-1329 [2012]; Matter of Seabrook [Commissioner of Labor], 45 AD3d 1165, 1165-1166 [2007]). Here, it is undisputed that claimant was continually absent from work even after she was warned that further absences would result in disciplinary action, including discharge. Although claimant maintains that she did not realize that the last warning was her final one, this does not excuse her behavior under the circumstances presented.

McCarthy, J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court