Matter of Arocho (Commissioner of Labor) (2019 NY Slip Op 01880)





Matter of Arocho (Commissioner of Labor)


2019 NY Slip Op 01880


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

527111

[*1]In the Matter of the Claim of MARY A. AROCHO, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Mary A. Arocho, Astoria, appellant pro se.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2018, which ruled, among other things, that the remuneration paid to claimant prior to August 27, 2017 cannot be used to establish a valid original claim because claimant was suspended from her employment due to misconduct.
Claimant worked as a computer operator for a municipality. Her hours were from 7:00 p.m. until 7:30 a.m. Between July 2016 and August 2017, she committed numerous violations of the employer's code of conduct by, among other things, failing to report to work on time, being absent without authorization, sleeping and lounging during her shift and refusing to comply with her supervisor's directives. As a result, the employer imposed upon claimant a 30-day suspension, effective August 27, 2017 through September 27, 2017, issued her written warnings and brought formal disciplinary charges seeking her termination.
Claimant applied for unemployment insurance benefits during the period of her suspension and the Department of Labor initially granted her application. The Department, however, issued a revised determination finding, among other things, that claimant was not eligible to receive benefits during this time period because she had engaged in disqualifying misconduct. Following a hearing, an Administrative Law Judge upheld the misconduct finding and ruled, among other things, that due to claimant's misconduct, the remuneration paid to her prior to August 27, 2017 could not be used to establish a valid original claim [FN1]. The Unemployment Insurance Appeal Board sustained the Administrative Law Judge's decision in this regard, and claimant now appeals.
We affirm. A claimant's excessive tardiness, absenteeism and insubordination have been found to constitute disqualifying misconduct (see Matter of Reyes [Commissioner of [*2]Labor], 153 AD3d 1551, 1552 [2017]; Matter of Mead [Commissioner of Labor], 144 AD3d 1293, 1294 [2016]; Matter of Dialah [Commissioner of Labor], 114 AD3d 986, 986 [2014]), as has sleeping on the job (see Matter of Argueta [Barney's N.Y., Inc.-Commissioner of Labor], 133 AD3d 1005, 1015 [2015]; Matter of Ruland [Commissioner of Labor], 109 AD3d 1068, 1068 [2013]). The many instances of claimant's problematic behavior and failure to abide by the employer's code of conduct are well supported by the record. Significantly, claimant admitted to sleeping during her shift, failing to comply with her supervisor's directives and arriving to work late. Although she maintains that she suffers from a disability interfering with her ability to work the night shift, she failed to produce medical proof at the hearing to substantiate her claim (see Matter of Berkeley [Commissioner of Labor], 94 AD3d 1328, 1329 [2012]). Given claimant's misconduct, substantial evidence supports the Board's decision finding that the remuneration paid to her prior to August 27, 2017 cannot be used to establish a valid original claim.
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As of the date of the hearing, claimant was still employed, as the termination proceeding under Civil Service Law § 75 was still pending.