■ In the Matter of the Claim of ROBERT R. SURVILLA, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 530] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 18, 2000, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a full-time housekeeper for the employer after approximately three months. In our view, substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. It is well settled that an unauthorized absence from one's employment after having been warned about poor attendance may constitute disqualifying misconduct (*see, Matter of Williams [Commissioner of Labor],* 274 AD2d 805; *Matter of Sadowski [Star Corrugated Box Co.—Commissioner of Labor],* 268 AD2d 752). Likewise, the failure to comply with an employer's reasonable request can be held to constitute misconduct (*see, Matter of Pierro [Gwydir Co.—Commissioner of Labor],* 280 AD2d 750; *Matter of Armbruster,* 278 AD2d 726).

Here, despite having received a final warning in July 1999 concerning an unauthorized absence and excessive tardiness, on October 1, 1999 claimant had a friend call the employer and indicate that claimant could not report to work due to illness. The employer told claimant's friend that if claimant did not personally call the employer or report to work that day, he would be terminated. Claimant admitted that he received the message but did not report to work or call the employer to explain his absence. Accordingly, we decline to disturb the Board's decision.

We have examined petitioner's remaining contentions and, to the extent they are preserved for appellate review, find them to be without merit.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.