■ In the Matter of JOSE R. ALVAREZ, Appellant. COMMISSIONER OF LABOR, Respondent. [743 NYS2d 622] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 2001, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a driver when he failed to return on the scheduled date from a vacation trip to Santo Domingo. He further failed to notify the employer that he would be absent from work for three additional vacation days. When claimant subsequently applied for unemployment insurance benefits, he cited "lack of work" as the reason for his unemployment. The Unemployment Insurance Appeal Board ruled that claimant had lost his employment under disqualifying circumstances and had made a willful false statement to obtain benefits. We affirm.

It is uncontested that the last three work days of claimant's vacation were not authorized by the employer and that an employee's unauthorized absence from work may constitute disqualifying misconduct (*see, Matter of Svetlich [Sweeney]*, 236 AD2d 762; *Matter of Chapman [Hudacs]*, 190 AD2d 941). Claimant nonetheless asserts that his unauthorized absence from work should be excused because it was caused by his inability to find a timely flight back home. This contention raises an issue of credibility for resolution by the Board (*see, Matter of Thompson [New York City Off. of Bronx Borough President— Commissioner of Labor]*, 270 AD2d 551, 552). In addition, it leaves unanswered the question of why claimant did not make round trip reservations before he left on vacation. Under the

circumstances presented here, we conclude that substantial evidence supports the decision of the Board that claimant was guilty of disqualifying misconduct by extending his vacation without permission and that he made a willful false statement to obtain benefits (*see, Matter of Gonzales [Phipps Houses Servs.—Hudacs]*, 202 AD2d 812, 813).

Cardona, P.J., Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.