■ In the Matter of the Claim of FRANCISCO CORONEL, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d 217] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed March 8, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment with Newmark and Company Real Estate without good cause, and (2) from a decision of said Board, filed March 8, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment with New York University Hospitals Center was terminated due to misconduct.

Claimant was concurrently employed as a utility worker for

Newmark and Company Real Estate (hereinafter Newmark) and as a porter for New York University Hospitals Center (hereinafter NYU) when he took an authorized leave of absence from both positions in mid-June 2001 that was scheduled to end July 30, 2001 and July 31, 2001, respectively. Claimant traveled to his native country during his leave time where his passport expired. The resulting problems he encountered in renewing it and rescheduling his flight to this country allegedly delayed his return until September 6, 2001. Claimant telephoned both of his employers on the day he was scheduled to return to explain his difficulties; however, by the time of his actual return to this country over four weeks later, claimant had been fired from both positions. The Unemployment Insurance Appeal Board subsequently affirmed two administrative decisions ruling that claimant had lost his employment under disqualifying circumstances, i.e., he had voluntarily left his employment with Newmark without good cause and he had committed disqualifying misconduct by failing to return to his position at NYU following the expiration of an authorized leave of absence. We affirm.

It has repeatedly been held that a claimant's failure to report for work after the expiration of an authorized leave of absence may result in a determination that the claimant voluntarily left employment without good cause (*see Matter of Estevez [Connoisseur Finishers—Commissioner of Labor]*, 272 AD2d 732, 733; *Matter of Morales [Commissioner of Labor]*, 261 AD2d 685), particularly in the case of an employee such as claimant, who has received previous warnings regarding excessive absences (*see Matter of Survilla [Commissioner of Labor]*, 283 AD2d 696). In addition, claimant's travel outside the country with a soon-to-expire passport can be construed as negligence on his part to take all reasonable steps to protect his continued employment (*see Matter of Illerbrun [Sweeney]*, 246 AD2d 722). In any event, claimant's allegations regarding the month-long delay caused by the need to renew his passport and reschedule his return flight raised an issue of credibility that was within the Board's discretionary power to resolve (*see Matter of Alvarez [Commissioner of Labor]*, 295 AD2d 742). As substantial evidence supports both of the decisions under review, they will not be disturbed.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.