■ In the Matter of the Claim of DOMINIQUE OWENS, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 713] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 1, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a financial

---

2. Supreme Court disagreed with NYSUT in this regard, holding that it owed a duty of fair representation to plaintiff.

services representative by the employer bank after being absent from work without authorization. The record discloses that claimant had been granted approval to take three days off from work provided that she could find another employee to take her place. Although she was unable to find a replacement to cover one of the three days, claimant nonetheless took all three days off. Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant lost her employment under disqualifying circumstances. It is well settled that an employee's unauthorized absence from work may constitute disqualifying misconduct (*see Matter of Mahon [Commissioner of Labor]*, 288 AD2d 740 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Tordsen [Commissioner of Labor]*, 287 AD2d 935, 936 [2001]). The exculpatory explanations proffered by claimant presented issues of credibility for the Board to resolve (*see Matter of Conforti [Commissioner of Labor]*, 268 AD2d 663 [2000]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.