■ In the Matter of the Claim of JOHN C. CHIOU, Appellant. COMMISSIONER OF LABOR, Respondent. [802 NYS2d 568]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked at a bank from January 2003 until the end of May 2004. On a day when his sales manager was not at work, he asked for a day off following Memorial Day weekend. The service manager, who was in charge in the sales manager's absence, denied his request based upon instructions left by the sales manager concerning staffing. Claimant reported to work on the day he had requested off, but left at 1:00 P.M. without authorization. As a result, he was terminated from his position. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

We affirm. "It is well settled that an employee's unauthorized absence from work may constitute disqualifying misconduct" (*Matter of Owens [Commissioner of Labor]*, 306 AD2d 608, 609 [2003] [citations omitted]; *see Matter of Jacque [Commissioner of Labor]*, 270 AD2d 541 [2000]). Here, claimant conceded that, although his request had been denied, he left work without prior approval to attend two appointments, one medical and the second personal. In view of this, substantial evidence supports the Board's decision.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.