■ In the Matter of the Claim of KATHRYN M. SEDLACK, Appellant. COMMISSIONER OF LABOR, Respondent. [836 NYS2d 311]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer as a payroll clerk for approximately two years. In response to her complaints of sexual harassment, the employer sent a cautionary memorandum to all employees. Shortly thereafter, claimant contacted a former employee to obtain information concerning the alleged sexual harassment and, as a result, became involved in a heated verbal exchange with another employee at the workplace over this incident. Subsequently, claimant left the workplace with a coworker without permission and advised the employer that she was taking the rest of the day off. The next day, claimant informed the employer by e-mail that she was ill and would be out sick for the remainder of the week. The employer, in turn, advised her that it considered her to have voluntarily left her job. Claimant applied for unemployment insurance benefits and, following extended proceedings, the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because her employment was terminated due to misconduct. Claimant appeals.

We affirm. A claimant's absence from work without authorization has been found to constitute disqualifying misconduct (*see Matter of Chiou [Commissioner of Labor]*, 22 AD3d 1024, 1024 [2005]; *Matter of Tordsen [Commissioner of Labor]*, 287 AD2d 935, 936 [2001]). Here, it is undisputed that, following her confrontation with the other employee, claimant left her job without permission and she remained absent that week without obtaining the employer's prior approval. Although claimant maintained that she initially left because she feared for her safety and was unable to return to work due to illness, this presented a credibility issue for the Board to resolve (*see Matter of Owens [Commissioner of Labor]*, 306 AD2d 608, 609 [2003]; *Matter of Alvarez [Commissioner of Labor]*, 295 AD2d 742, 742 [2002]). Notably, claimant's excuses are not substantiated by the proof in the record. Claimant's remaining assertions are without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.