■ In the Matter of the Claim of DEIDRE L. BRITTER, Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 291]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked at a home improvement store as a part-time sales associate. She asked her supervisor if she could take three days off from work to take final exams and was told that she would need to get the approval of the human resources manager. Claimant did not get the manager's approval and called in sick on the three days that she had wanted to take off. Her employment was terminated as a result and the Unemployment Insurance Appeal Board denied her application for unemployment insurance benefits on the ground that she engaged in disqualifying misconduct. Claimant appeals.

We affirm. A claimant's unauthorized absence from work has been found to constitute misconduct disqualifying the claimant from receiving unemployment insurance benefits (*see Matter of Sedlack [Commissioner of Labor]*, 40 AD3d 1235, 1236 [2007]; *Matter of Chiou [Commissioner of Labor]*, 22 AD3d 1024, 1024 [2005]). Claimant here conceded that she did not get the manager's approval prior to taking the days off because she felt the manager was unapproachable. Although she maintained that she was sick on the days in question, this presented a question of credibility for the Hearing Officer to resolve given that she had requested these days off in advance (*see Matter of Kessler [Commissioner of Labor]*, 40 AD3d 1236, 1237 [2007]). Consequently, we find no reason to disturb the Board's decision.

Peters, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.