*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    517018
_____

In the Matter of the Claim of
   BERNICE MALCOLM,
               Appellant.

HONEOYE FALLS-LIMA CENTRAL
   SCHOOL DISTRICT,                    MEMORANDUM AND ORDER
               Respondent.

COMMISSIONER OF LABOR,
               Respondent.
_____


Calendar Date:  September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____


     Bernice Malcolm, West Henrietta, appellant pro se.

     Harter Secrest & Emery, LLP, Buffalo (Robert Weissflach of counsel), for Honeoye Falls-Lima Central School District, respondent.

     Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


Peters, P.J.

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a special education teacher, challenges a decision of the Unemployment Insurance Appeal Board finding that she lost her employment due to disqualifying misconduct, stemming from conduct and circumstances that led to the preferment of charges by the employer against claimant. It is well settled that a "[v]iolation of an employer's known policies, as well as unauthorized absence from work, have been held to constitute disqualifying misconduct" (Matter of Maldonado [Good Day Apts., Inc.-Commissioner of Labor], 118 AD3d 1246, 1247 [2014]). Here, the record establishes that, although the employer informed claimant that approval for an unpaid leave of absence was required before she commenced an administrative internship at another school, claimant failed to request any leave of absence and, instead, used paid sick leave for part of that period. Furthermore, claimant did not submit to a scheduled medical examination required by the employer in order to validate her absence from work or comply with the employer's directive to return to work. Testimony from the employer also establishes that claimant abused the employer's paid leave and bereavement polices on various other occasions. Under the circumstances presented herein, the Board's finding of misconduct is supported by substantial evidence in the record (see Matter of Samuel [Commissioner of Labor], 97 AD3d 886, 887 [2012]; Matter of Britter [Commissioner of Labor], 54 AD3d 461, 461 [2008]). Claimant's assertion that her absences were justified and not improper presented a credibility issue for the Board to resolve (see Matter of Roe [Commissioner of Labor], 62 AD3d 1105, 1106 [2009]; Matter of Syed [IKEA New York, LLC-Commissioner of Labor], 61 AD3d 1197, 1197 [2009];). We have reviewed claimant's remaining contentions and, to the extent that they are properly before us, we find them to be unpersuasive.

Lahtinen, McCarthy and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court