■ In the Matter of JOEL CASTRO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Kane and Larkin, JJ., concur; Greenblott and Main, JJ., dissent and vote to reverse in a memorandum by Greenblott, J. Greenblott, J. (dissenting). The board found that claimant, a shipping clerk, was absent at least 20 times during the last year of his employment and had been advised by the employer that his attendance record was not satisfactory. The board further found that claimant did not report for work on April 23 and April 24, 1973 because his wife was ill. On April 23 claimant took his wife to the doctor, and on April 24 he apparently stayed home to care for the children because his wife was too ill to do so. The referee found that claimant should have made necessary arrangements for child care since he knew his attendance was unsatisfactory and referred to the fact that a neighbor had taken care of the children on April 23. While claimant's absences during the last year of his employment are not disputed, and the employer may have been disturbed about their frequency, absences do not rise to the level of disqualifying misconduct unless they are unjustified or are taken without notice to the employer. No contention is made here that claimant failed to give notice when he was absent, and the record contains medical evidence indicating that from the period beginning with January of 1972 claimant was under the treatment of either Dr. Saez or Dr. Marsh on 20 occasions. At least 13 of these occasions were within the last year of his employment prior to April 23, 1973, and, not counting the absences on April 23 and April 24, there is no finding as to any other absences for which inadequate justification existed. Furthermore, claimant may have exercised poor judgment in remaining home on April 24 when he might have made other arrangements for the care of his children, but this does not in our

opinion rise to the level of misconduct and, even if this absence was not justified, this isolated instance would not warrant disqualification from benefits. There would thus appear to be issues of fact as to whether claimant was at any time absent without good cause and whether such absences were of sufficient frequency to rise to the level of misconduct. Further proceedings for the resolution of these issues are required. We, therefore, dissent and vote to reverse and remit for further proceedings not inconsistent herewith.