■ In the Matter of the Claim of WHITLEY A. JOHNSON, Respondent. DONNO COMPANY, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 2, 1982, which reversed an administrative law judge's decision and sustained the initial determination of the Commissioner of Labor holding claimant eligible to receive benefits effective September 21, 1981. Claimant was absent 27 times between January, 1981 and September 18, 1981 when he was discharged for "excessive absenteeism." He had been repeatedly warned about his attendance problem and on June 23, 1981 he was given a written warning that he would be terminated if his absences persisted. Despite this warning, claimant continued to be absent from work and on August 27, 1981 he was suspended for three days. Despite the suspension and an explicit warning in the notice of suspension that further absences would not be tolerated, claimant failed to report to work on September 17 and 18, 1981. While claimant does not dispute the 27 absences over the last nine months of his employment, or the warning, or the suspension, he does insist that the last two absences were compelled by the hospitalization of his live-in girlfriend. However, the testimony of claimant's supervisor at the hearing belies claimant's excuse. The record is clear that claimant did not take his girlfriend to the hospital on September 17, 1981 but at 3:50 P.M. on September 18, 1981, some five hours after he had been notified at 10:56 A.M. that his employment had been terminated. When the Unemployment Insurance Appeal Board gives credence to testimony which the administrative law judge has found to be inherently untrustworthy, the substantiality of that evidence must be supported by facts stronger than those present here. The board did not conduct a *de novo* hearing and thus was unable to test the trustworthiness of claimant personally, and the record fails to disclose any evidence before the administrative law judge from which any inferences favorable to claimant could be drawn. Claimant's employment record was replete with unexplained absences. When that record is coupled with claimant's discredited excuse for his final two absences on September 17 and 18, 1981, we are compelled to reverse the board's decision finding claimant eligible for benefits since it is not supported by substantial evidence in the record as a whole. Decision reversed, without costs, and employer's objection to claimant's eligibility for benefits sustained. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.