■ In the Matter of the Claim of CORINTHIA SUNDERLAND, Respondent. NASSAU COUNTY MEDICAL CENTER et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. (Claim No. 1.) In the Matter of the Claim of ALISON B. WHEATLEY, Respondent. COUNTY OF NASSAU et al., Appellants. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. (Claim No. 2.)—Yesawich, Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 13, 1985 and June 6, 1985, which ruled that claimants were entitled to receive benefits.

The common issue raised on these appeals involves the propriety of granting unemployment insurance benefits to employees terminated for recurring tardiness and excessive absenteeism. The facts in each case are essentially undisputed. Claimant Corinthia Sunderland worked as a clerical assistant for the Nassau County Medical Center from June 15, 1981 until July 24, 1984. Difficulty obtaining baby-sitters to tend to her two young children resulted in her being late for work. This prompted her employer to warn her, by an April 1984

written notice, that continued lateness could lead to her discharge; Sunderland had received a similar notice earlier. The problem persisted and the employer discharged her.

Claimant Alison B. Wheatley, also a clerical assistant, acknowledges 31 absences from work at the A. Holly Patterson Home during the first 10 months of 1984; that she gave the employer adequate notice of these absences is not disputed. Her attendance problems began in 1982 and intensified in 1983. An evaluation of her performance dated September 9, 1983 indicated that the various illnesses causing her to frequently miss work had seriously impaired the functioning of the office. Conferences with her superiors did not lessen the absences, which Wheatley attributed to an enduring but undefined gastrointestinal disorder; the record contains numerous medical records attesting to that illness. A series of absences in mid-October 1984 resulted in her termination from employment.

The Unemployment Insurance Appeal Board rejected the contention that claimants were disqualified from receiving benefits because their poor attendance constituted misconduct; these appeals by the employers followed.

Dismissal of an employee for noncompliance with the employer's attendance standards, however apt, does not unequivocally warrant denial of unemployment insurance benefits on the ground of misconduct unless failure to meet those standards was "unjustified or are taken without notice to the employer" *(Matter of Castro [Levine],* 47 AD2d 698 [Greenblott, J., dissenting]; *see, Matter of Bossert [Levine],* 53 AD2d 742; *Matter of Bois [Levine],* 53 AD2d 731). Factual determinations of this character are uniquely within the Board's province and its decision in this regard, if supported by substantial evidence, will be upheld *(see, Matter of Nunes [Roberts],* 98 AD2d 934; *Matter of Oxios [Catherwood],* 33 AD2d 858).

The Board concluded that Sunderland's tardiness and Wheatley's absences, despite their frequency and number, were not unjustified. Substantial evidence supports those determinations, for Sunderland's child-care problems and Wheatley's medical infirmity are clearly apparent from the record. We are unprepared to say, as a matter of law, that claimants' behavior rises to the level of disqualifying misconduct.

Decisions affirmed, without costs. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.