(March 13, 1998)

■ In the Matter of NEAL J. BERGER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [669 NYS2d 983] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He has maintained a law office in New Jersey, where he was admitted in 1977.

The Supreme Court of New Jersey suspended respondent for a period of two years, effective November 12, 1997. Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19). Respondent has submitted an affidavit in reply to the motion.

The papers in support of petitioner's motion show that, in 1988, while he was a partner in a New Jersey firm, respondent submitted insurance claims on behalf of the firm after fire damaged the firm's office space and contents. The New Jersey disciplinary authorities found that respondent had forged a lease for alternate rental office space (which was never used) and submitted it to the firm's insurance agent with the intent to defraud the law firm's insurance carrier with respect to relocation expenses and that he had falsely witnessed the signature of the firm's landlord on a release submitted to an insurance company. The New Jersey authorities considered the same explanations and mitigating circumstances offered by respondent in his affidavit submitted to this Court.

Under the circumstances presented, we grant petitioner's motion and conclude that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey, effective November 12, 1997.

Cardona, P. J., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended for a period of two years, effective November 12, 1997, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of this Court's rules regulating the conduct of suspended attorneys.