■ In the Matter of the Claim of JOHN R. WAYNE, Appellant. COMMISSIONER OF LABOR, Respondent. [689 NYS2d 780] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 12, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Following a suspension, claimant was discharged from his employment at a retail store for coming in late to work and failing to timely open the store. Claimant had been previously warned regarding his attendance record and had been told

that he would be fired if there were any more incidents of lateness. It is fundamental that "[r]efusal to obey an employer's reasonable rules and continued lateness after sufficient warnings can constitute misconduct barring receipt of unemployment insurance benefits" (*Matter of Reichert [Losco Group—Commissioner of Labor]*, 256 AD2d 709, 710). Although claimant's version of the events that led to his dismissal was at variance with that of the employer, this simply created a credibility issue for the Unemployment Insurance Appeal Board to resolve (*see, Matter of Guarino [Commissioner of Labor]*, 249 AD2d 881). Under the circumstances, we find that substantial evidence supports the Board's decision that claimant was disqualified from receiving benefits. Finally, since claimant makes no argument in his brief regarding the Board's additional conclusion that he was ineligible to receive benefits during the period that he was under suspension, we deem any issue in that regard to be abandoned (*see, Matter of Kidder [Classic Airport Share-Ride—Commissioner of Labor]*, 255 AD2d 852, 853).

Mikoll, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.