■ In the Matter of the Claim of MURAT JEROME, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 105] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from his employment as a security guard after he was an hour late for work on two consecutive days despite having previously been warned about such conduct. The record establishes that claimant could not access his post because of his tardiness and therefore the factory went unguarded. It is well settled that continued lateness after oral and written warnings can constitute disqualifying misconduct (*see, Matter of Wayne [Commissioner of Labor]*, 261 AD2d 768, 769). Although claimant disagreed with the employer's version of the events leading to his discharge, this raised a credibility issue which the Board was free to resolve in favor of the employer (*see, id.*). Furthermore, upon review of the record we reject claimant's contention that he was denied the right to a fair hearing. The Board's decision that claimant was discharged due to disqualifying misconduct is, accordingly, affirmed.

Cardona, P. J., Crew III, Peters, Graffeo and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.