■ In the Matter of the Claim of HERMON D. CHAPMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 228] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a grill attendant for a fast food restaurant for approximately 1½ years. During his employment, claimant was suspended and warned for being late to work. Despite these warnings, claimant continued to be tardy. His employment was subsequently terminated for violating the employer's policy. In our view, substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant was disqualified from receiving benefits due to his misconduct (*see, Matter of Wayne [Commissioner of Labor]*, 261 AD2d 768; *Matter of Holland [Commissioner of Labor]*, 257 AD2d 923). It is well settled that "[r]efusal to obey an employer's reasonable rules and continued lateness after sufficient warnings can constitute misconduct barring receipt of unemployment insurance benefits" (*Matter of Reichert [LOSCO Group—Commissioner of Labor]*, 256 AD2d 709, 710). Therefore, we decline to disturb the Board's decision.

Cardona, P. J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of NEAL J. BERGER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [715 NYS2d 167] —Per Curiam. Respondent was reciprocally suspended from practice for a period of two years (248 AD2d 887) and now applies for reinstatement.

Our examination of the papers submitted on this application indicates that respondent has complied with the provisions of the order which suspended him and with this Court's rule regarding the conduct of suspended attorneys (*see,* 22 NYCRR 806.9). We are also satisfied that he has complied with the requirements of this Court's rule regarding reinstatement (*see,* 22 NYCRR 806.12) and that he possesses the requisite character and fitness to resume the practice of law.

Accordingly, the application is granted and respondent is reinstated to the practice of law, effective immediately.

Mercure, J. P., Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that respondent's application is granted and he is reinstated as an attorney and counselor-at-law in the State of New York, effectively immediately.