■ In the Matter of the Claim of MARK ARMBRUSTER, Appellant. COMMISSIONER OF LABOR, Respondent. [718 NYS2d 241] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 1999, which, upon reconsideration, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

There is substantial evidence to support the decision of the Unemployment Insurance Appeal Board finding that claimant was terminated from his employment as a machinist due to misconduct. Claimant failed to abide by the employer's reason-

able request to provide documentation verifying that his numerous absences from work were related to his approved family medical leave, which was limited to transportation of his ill mother to and from medical appointments. Significantly, claimant was given numerous warnings and suspensions regarding his excessive absenteeism and had been informed that failure to abide by the employer's request could lead to his discharge. Under these circumstances, we find no reason to disturb the Board's finding that claimant engaged in disqualifying misconduct (*see, Matter of Frazier [Commissioner of Labor]*, 273 AD2d 676; *Matter of Kreppel [Hartnett]*, 173 AD2d 1001, 1002). The conflicting testimony regarding whether claimant was informed as to the type of documentation the employer was seeking created a credibility issue for resolution by the Board (*see, Matter of Frazier [Commissioner of Labor], supra*).

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.