■ In the Matter of the Claim of GENIN C. HERNANDEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [751 NYS2d 621] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a machine operator after she exceeded the employer's absentee policy. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits due to disqualifying misconduct. Despite having been suspended from work the prior month pursuant to the employer's progressive disciplinary policy based on her excessive number of absences, claimant thereafter failed to report to work on the day in question because she did not have a babysitter for her children. While recognizing that lack of adequate child care may provide good cause for failing to report for work, the Board found it significant that claimant failed to even ask her husband, who did not have to work that day, to watch his stepchildren despite the fact that she was aware that her job was in jeopardy. Under the circumstances presented here, substantial evidence supports the Board's finding that claimant's absence was not justified and that she engaged in disqualifying misconduct (see Matter of Johnson [Roberts], 89 AD2d 1050; see also Matter of Vitale [Commissioner of Labor], 263 AD2d 758; Matter of Monreale [Commissioner of Labor], 249 AD2d 620; cf. Matter of Sunderland [Nassau County Med. Ctr.—Roberts], 121 AD2d 779).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.