■ In the Matter of the Claim of WILLIAM J. BISCARDI, Appellant. COMMISSIONER OF LABOR, Respondent. [757 NYS2d

---

906] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed February 15, 2002, which denied claimant's application to reopen and reconsider the prior decision.

Claimant was discharged from his employment as a car detailer for repeated tardiness. The employer testified that claimant received both oral and written warnings and was aware that continued tardiness could ultimately result in his discharge. Nevertheless, claimant's time cards reflect that he continued to be late for work. It is well settled that excessive tardiness, despite warnings, can constitute disqualifying misconduct (*see Matter of Iglesias*, 297 AD2d 849 [2002]; *Matter of Jerome*, 275 AD2d 835 [2000]; *Matter of Shorte*, 270 AD2d 554 [2000]). Under the circumstances presented here, we find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant engaged in disqualifying misconduct, notwithstanding his assertion that he was first entitled to suspension prior to being discharged. Furthermore, we find no reason to disturb the Board's decision not to grant claimant's application to reopen and reconsider its prior decision (*see Matter of McIntire*, 284 AD2d 703 [2001]).

Cardona, P.J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.