■ In the Matter of the Claim of DEBORAH M. COOPER, Appellant. COMMISSIONER OF LABOR, Respondent. [758 NYS2d 858] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant had been employed as a service representative for an insurance agency when she notified the employer that a medical condition would prevent her from working for several weeks. She submitted a one-sentence statement from her physician containing the information that claimant would be out of work for approximately five weeks "due to medical reasons." The employer responded by sending claimant a form authoriz-

ing her physician to explain the reasons for her extended absence in greater detail. Claimant refused to grant this authorization based upon her disinclination to disclose the nature of her illness. In response, the employer discharged her. The Unemployment Insurance Appeal Board thereafter ruled that claimant had lost her employment due to disqualifying misconduct.

A refusal to provide documentation validating a claimant's need for an extended medical leave of absence may constitute disqualifying misconduct (see Matter of Petrillo [Sweeney], 224 AD2d 855, 855 [1996]; see also Matter of Armbruster [Commissioner of Labor], 278 AD2d 726, 726-727 [2000]). In the matter under review, the record discloses that claimant demanded a month-long leave of absence while refusing to supply the employer with even a general explanation as to the nature or extent of her physical disability. We conclude that substantial evidence supports the decision of the Board ruling that claimant's extended, unauthorized absence from her employment disqualified her from receiving benefits.

Mercure, J.P., Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.