■ In the Matter of the Claim of GIOVANA SCHNABEL, Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 306] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from her employment as an account specialist for an office supply business due to disqualifying misconduct. Claimant had been previously suspended for three days due to excessive tardiness and absences when, on her first scheduled return date, she called in sick due to a migraine. On her next scheduled day, she arrived half an hour late. As a result, claimant was suspended again until further notice. The following day and without authorization to return, claimant reported to work. Thereafter, claimant eventually complied with her supervisor's repeated orders to leave the work place.

It is well settled that continued absenteeism and tardiness despite previous warnings can constitute disqualifying misconduct (see Matter of Chapman [Commissioner of Labor], 275 AD2d 857 [2000]; Matter of Hahn [Hudacs], 206 AD2d 582 [1994]). Although claimant testified that she was absent due to a migraine and late due to her child's asthma, the medical

documentation included in her brief was never submitted in the proceedings before the Board and thus cannot be considered for the first time on this appeal (*see Matter of Allen [United States Dept. of Interior—Hartnett]*, 154 AD2d 732 [1989]; *see also Matter of Aronson [Hudacs]*, 194 AD2d 1046 [1993]). Moreover, insubordinate conduct of failing to abide by an employer's reasonable requests has been held to constitute misconduct (*see Matter of Frazier [Commissioner of Labor]*, 273 AD2d 676 [2000]). Under these circumstances, we find no reason to disturb the Board's decision.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.