■ In the Matter of the Claim of LORI MASSUCCI, Respondent. BLACKMAN PLUMBING SUPPLY, Appellant; COMMISSIONER OF LABOR, Respondent. [777 NYS2d 776]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 20, 2003, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from her position as a senior accountant on September 30, 2002 after she arrived late to work that day. She had previously experienced problems arriving to work on time due to her child-care arrangements and her employer had changed her work schedule in an effort to accommodate her. However, four months after her shift change, her tardiness resumed and she was issued various warnings. After her termination, claimant applied for unemployment insurance benefits and her application was denied on the basis that she was disqualified due to misconduct. Following a hearing, an Administrative Law Judge upheld the denial. The Unemployment Insurance Appeal Board reversed, finding that claimant's lateness on the day in question was due to the fact that her daughter's teacher was not at the day-care center when she arrived, a circumstance beyond her control. The employer now appeals.

It is well settled that a claimant's repeated tardiness, despite an employer's warnings that such continued conduct will result in termination, may constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Biscardi [Commissioner of Labor], 305 AD2d 794, 795 [2003]; Matter of Nyack [Commissioner of Labor], 304 AD2d 1002, 1002 [2003]). Nevertheless, the Board did not abuse its discretion in determining that claimant's lateness due to circumstances beyond her control could remove the situation from the realm of misconduct. Contrary to the employer's argument that the Board's determination was based on information outside the record, claimant's testimony, which the Board found credible, indicated that the circumstances resulting in her tardiness were beyond her control (see Matter of Pitts [Reeb Millwork

*Corp. of N.Y.—Commissioner of Labor]*, 309 AD2d 1121 [2003]). As this constitutes substantial evidence supporting the Board's decision, we will not disturb it.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs.