■ In the Matter of the Claim of WILLIAM J. CHRYSLER, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 832]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a set up technician after reporting late to work. Claimant had received various verbal and written warnings regarding his tardiness and was aware that any further incidents could lead to the termination of his employment. Substantial evidences supports the decision of the Unemployment Insurance Appeal Board that claimant's repeated lateness amounted to disqualifying misconduct. It is well settled that excessive tardiness, following prior warnings, can constitute disqualifying misconduct (*see Matter of King [Commissioner of Labor]*, 8 AD3d 807 [2004]; *Matter of Biscardi [Commissioner of Labor]*, 305 AD2d 794, 795 [2003]; *Matter of Jerome [Commissioner of Labor]*, 275 AD2d 835 [2000]). Claimant's explanation for his tardiness—that he was

delayed by road construction—presented both a credibility issue and a question of whether his lateness was due to circumstances beyond his control for the Board to resolve (*see Matter of McCullough [Publisher's Clearing House—Commissioner of Labor]*, 307 AD2d 567 [2003]). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.