■ In the Matter of the Claim of RYAN VAN BEEK, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 182]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a service and repair technician for a scientific equipment distributor until he was fired on May 11, 2004 for failing to report to work on time. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant lost his job due to disqualifying misconduct. The record establishes that claimant received verbal warnings regarding his tardiness and was aware that his employment could be terminated if he was not on time for work. The employer testified that claimant was continually late for work and was ultimately discharged on May 11, 2004 for not arriving to work on time. Inasmuch as "[c]ontinued lateness, despite prior warnings, can constitute disqualifying misconduct" (*Matter of Rush [Commissioner of Labor]*, 10 AD3d 798, 799 [2004]; *see Matter of Dintino [Commissioner of Labor]*, 21 AD3d 1151, 1151-1152 [2005]; *Matter of Chrysler [Commissioner of Labor]*, 9 AD3d 728, 728 [2004]), we find no reason to disturb the Board's decision. Although claimant denied being late for work on May 11, 2004, this created a credibility issue for the Board to resolve (*see Matter of Mills [Unisource Worldwide, Inc.—Commissioner of Labor]*, 7 AD3d 845 [2004]; *Matter of Wayne [Commissioner of Labor]*, 261 AD2d 768, 769 [1999]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.