██ In the Matter of the Claim of DEBORAH J. VALENTA, Appellant. COMMISSIONER OF LABOR, Respondent. [833 NYS2d 263]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer as an insurance consultant at a telephone call center from October 2003 until February 2005. After she had previously received both verbal and written warnings concerning her tardiness, she was late returning from her lunch break and was terminated. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that she lost her employment due to misconduct, prompting this appeal.

An employee's failure, despite repeated warnings, to comply with an employer's policy regarding tardiness has been held to constitute disqualifying misconduct (*see Matter of Chapman [Commissioner of Labor]*, 275 AD2d 857 [2000]; *Matter of Wayne [Commissioner of Labor]*, 261 AD2d 768, 769 [1999]). Here, claimant received verbal coaching for tardiness in September

2004, a documented verbal counseling memo in November 2004 detailing numerous instances of tardiness during the preceding 12 months and a final written warning in December 2004. Nevertheless, in February 2005, she admittedly failed to timely return to her job following a lunch break. In view of this, substantial evidence supports the Board's finding that claimant was terminated for misconduct.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.