■ In the Matter of the Claim of KIMBERLY A. PALMISANO, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 354]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 17, 2006, which ruled, inter alia, that claimant was disqualified from receiving unemployment insur-

ance benefits because her employment was terminated due to misconduct.

Claimant worked as an assistant service representative for the employer from November 23, 1998 through August 25, 2005. During her tenure, she was approved for short-term disability leave but was expected to return to work on June 20, 2005. Claimant was terminated from her position because she did not return to work on the date scheduled or provide the employer's disability insurance carrier with medical documentation substantiating the extension of her disability beyond such date. When she applied for unemployment insurance benefits, the employer objected contending, among other things, that claimant lost her employment due to misconduct. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on this basis and claimant now appeals.

We affirm. "A refusal to provide documentation validating a claimant's need for an extended medical leave of absence may constitute disqualifying misconduct" (*Matter of Cooper [Commissioner of Labor]*, 305 AD2d 894, 895 [2003] [citations omitted]; *see Matter of Pegues [Commissioner of Labor]*, 301 AD2d 698 [2003]; *Matter of Armbruster [Commissioner of Labor]*, 278 AD2d 726, 727 [2000]). Here, the employer's representative testified that, despite repeated requests, claimant did not provide the employer or its insurance carrier with medical documentation necessary to recertify her claim and extend her authorized absence beyond June 20, 2005. Claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]). Accordingly, we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.