■ In the Matter of the Claim of JACQUELINE V. MORGAN, Appellant. NEW YORK CITY DEPARTMENT OF PROBATION, Respondent; COMMISSIONER OF LABOR, Respondent. [839 NYS2d 860]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a probation officer, worked for the employer from February 2000 until June 2006, when she was fired for chronic lateness. The Unemployment Insurance Appeal Board denied her ensuing claim for unemployment insurance benefits on the ground that her employment had been terminated for misconduct. Claimant now appeals.

We affirm. An employee's failure, in the face of prior warnings, to abide by an employer's policy concerning tardiness can constitute disqualifying misconduct (*see Matter of Valenta [Commissioner of Labor]*, 38 AD3d 1070, 1070 [2007]; *Matter of Van Beek [Commissioner of Labor]*, 32 AD3d 622, 622 [2006]). Here, claimant had been warned numerous times about her continued lateness. Further, claimant had entered into a stipulation of

settlement resolving disciplinary charges against her, pursuant to which she was required to give advance notice before using any sick time and furnish medical documentation following her use of such sick time. Nevertheless, in April 2006, claimant was tardy for work due to medical reasons on four consecutive days. The record reveals that she offered no medical documentation for three of those days and, with respect to the one day where she did provide a doctor's note, she failed to notify the employer in advance that she was going to be late. In view of the foregoing, substantial evidence supports the Board's finding that claimant's employment had been terminated for misconduct and, as such, she was not entitled to unemployment insurance benefits (*see Matter of Valenta [Commissioner of Labor], supra* at 1071).

Claimant's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be without merit.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.