■ In the Matter of the Claim of Michael W. Kazaka, Appellant. Commissioner of Labor, Respondent. [847 NYS2d 297]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a sorter for United Parcel Service for approximately 14 years, until he was fired in November 2005 due to a poor attendance record. The Unemployment Insurance Appeal Board denied his ensuing application for unemployment insurance benefits on the basis that his employment had been terminated because of misconduct. Claimant now appeals.

We affirm. An employee's failure, in the face of repeated prior warnings, to comply with an employer's tardiness policy can constitute disqualifying misconduct (*see Matter of Morgan [New York City Dept. of Probation—Commissioner of Labor]*, 42 AD3d 846 [2007]). Here, the record reveals that, despite the fact that claimant had already been warned several times regarding problems with him being late, he failed to report to work on time on his last date of employment. As for claimant's offering of an exculpatory explanation for his conduct, a credibility issue was created for resolution by the Board (*see Matter of Chrysler [Commissioner of Labor]*, 9 AD3d 728, 728-729 [2004]). Given

the foregoing, substantial evidence supports the Board's finding that claimant was discharged from his employment for misconduct (*see Matter of Valenta [Commissioner of Labor]*, 38 AD3d 1070, 1071 [2007]).

To the extent not specifically addressed herein, claimant's remaining assertions have been considered and are rejected.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.