In the Matter of the Claim of GENEVIEVE L. MINER, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 713]—

Claimant, a full-time dental assistant, worked as a "floater" two days a week performing odd jobs around the dental office. On one such day, claimant was asked by the officer manager to finish cleaning the staff refrigerator. Claimant refused and thereafter was discharged. The unemployment Insurance Appeal Board denied her claim for unemployment insurance benefits on the ground that she lost her employment due to misconduct. This appeal ensued.

Substantial evidence supports the Board's decision that claimant's employment was terminated due to disqualifying misconduct. "An employee's failure to comply with an employer's reasonable request may constitute insubordination rising to the level of disqualifying misconduct" (*Matter of Guagliardo [Commissioner of Labor]*, 27 AD3d 866, 867 [2006] [citations omitted]; *see Matter of Peterson [Commissioner of Labor]*, 32

AD3d 610, 610 [2006]). Although claimant testified at the hearing that she refused the office manager's request on the day in question because she was ill, she conceded that she did not offer her alleged medical condition as an explanation at the time the request was made (*see Matter of Mercure [Commissioner of Labor]*, 27 AD3d 857 [2006]). In any event, her claim in this regard is unsupported by any medical evidence in the present record (*see Matter of Harpule [Sweeney]*, 241 AD2d 610 [1997]) and presented a credibility issue for the Board to resolve (*see Matter of Sedlack [Commissioner of Labor]*, 40 AD3d 1235, 1236 [2007]). Inasmuch as the employer's request was reasonable under the circumstances and claimant failed to demonstrate a compelling reason for her refusal to comply, we discern no basis for disturbing the Board's decision (*see Matter of Guagliardo [Commissioner of Labor]*, 27 AD3d at 867).

Cardona, P.J., Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.