■ In the Matter of the Claim of MAWULI ANUMAH, Appellant. COMMISSIONER OF LABOR, Respondent. [876 NYS2d 172]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 13, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was a senior medical clerk for the employer. She received progressive discipline related to her excessive tardiness and absenteeism, including verbal warnings, written warnings and, finally, a two-day suspension in December 2005. After that suspension, she was tardy or absent an additional 38 times before her absence on April 17, 2006. The employer then terminated her employment due to her continued attendance problems. At a hearing following the denial of claimant's application for unemployment insurance benefits, she testified and supplied medical evidence that she was diagnosed with major depressive disorder that caused her tardiness and absenteeism. The Administrative Law Judge found that claimant should have informed the employer that her diagnosed disorder caused her attendance problems, and her failure to do so constituted misconduct. The Unemployment Insurance Appeal Board affirmed, both initially and upon reconsideration. This appeal by claimant ensued.

Claimant acknowledges that her poor attendance furnished the employer with sufficient reason to terminate her employment. The issue on this appeal is whether her absenteeism constituted misconduct that disqualifies her from receiving unemployment insurance benefits, or whether her diagnosis excuses her attendance problems for unemployment insurance

purposes (*see Matter of Clum [All-Lifts, Inc.—Commissioner of Labor]*, 51 AD3d 1171, 1172-1173 [2008]). Excessive absences and tardiness following prior warnings have been found to constitute disqualifying misconduct (*see Matter of Kazaka [Commissioner of Labor]*, 46 AD3d 1071, 1071 [2007]; *Matter of Valenta [Commissioner of Labor]*, 38 AD3d 1070, 1070 [2007]; *Matter of Cuillo [Commissioner of Labor]*, 37 AD3d 896, 897 [2007]; *Matter of Iglesias [Commissioner of Labor]*, 297 AD2d 849, 849-850 [2002]). On the other hand, loss of employment attributable to symptoms of a recognized illness will not constitute disqualifying misconduct (*see Matter of Finn [Commissioner of Labor]*, 307 AD2d 509, 510 [2003]; *Matter of Pluckhan [Sweeney]*, 245 AD2d 997, 998 [1997]). Whether absences are justified so as to remove them from disqualifying misconduct is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence (*see Matter of Sunderland [Nassau County Med. Ctr.—Roberts]*, 121 AD2d 779, 780 [1986]).

Here, the Board determined that claimant did not take reasonable steps to protect her employment (*see Matter of Hernandez [Commissioner of Labor]*, 299 AD2d 794, 794 [2002]). Claimant was aware, through the employer's progressive discipline spanning more than a year, that her job was in jeopardy. She contends that she took reasonable steps to protect her position by attending weekly therapy sessions and seeing a psychiatrist to adjust her medication. Yet these actions, about which her employer was unaware, did not resolve the problem. Each time the employer counseled and warned claimant about her attendance, the employer inquired if it could do anything to help; claimant did not respond or offer any explanation for her absences. The employer's witness testified that had claimant mentioned the reason for her absences, it would have referred her to a company nurse—who would keep specific medical information confidential—or the human resources department to consider accommodations such as different hours or leave under the Family and Medical Leave Act of 1993 (29 USC § 2612 [a] [1] [D]). Substantial evidence supports the Board's determination that by failing to mention the legitimate medical reason for her absences, claimant failed to take a reasonable step to protect her position (*see Matter of Peterson [Commissioner of Labor]*, 32 AD3d 610, 610-611 [2006]; *Matter of Hernandez [Commissioner of Labor]*, 299 AD2d at 794; *see also Matter of Miner [Commissioner of Labor]*, 49 AD3d 1128, 1129 [2008]; *Matter of Cooper [Commissioner of Labor]*, 305 AD2d 894, 895 [2003]). Thus, she was not entitled to unemployment insurance benefits.

The employer did not violate the Americans with Disabilities

Act of 1990 (hereinafter ADA) (*see* 42 USC § 12101 *et seq.*). The employer did not require claimant to explain her absences and, even when warnings were given, only a general inquiry was made to see if the employer could do anything to assist claimant in remedying her attendance problems. Nevertheless, the ADA permits inquiries related to business necessity (*see* 42 USC § 12112 [d] [4] [A]), and regular attendance usually is, although *it is not always, an essential function of a position* (*see Brenneman v MedCentral Health Sys.*, 366 F3d 412, 418-420 [6th Cir 2004]; *Ramirez v New York City Bd. of Educ.*, 481 F Supp 2d 209, 221-222 [ED NY 2007] [stating that attendance is an essential function of employment]; *Miller v Verizon Communications, Inc.*, 474 F Supp 2d 187, 198 [D Mass 2007]; *see also Conroy v New York State Dept. of Correctional Servs.*, 333 F3d 88, 97-98 [2d Cir 2003] [explaining the business necessity standard]). Thus, requiring claimant to take reasonable steps to protect her employment, by providing a reason for her absences and lateness, does not violate the ADA.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.