■ In the Matter of the Claim of LORNA A. GOODRIDGE, Appellant. COMMISSIONER OF LABOR, Respondent. [885 NYS2d 544]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer for more than 16 years in her position as a sales representative. After receiving several warnings for excessive lateness and absences, including a final written warning in May 2007, claimant's employment was terminated in July 2007 after she arrived 37 minutes late for work. Following administrative proceedings, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that her employment was terminated for misconduct. Claimant now appeals.

Whether an employee was terminated for misconduct is a factual determination to be made by the Board and its determination will not be disturbed as long as it is supported by substantial evidence (*see Matter of Anumah [Commissioner of Labor]*, 60 AD3d 1216, 1217 [2009]; *Matter of Mosher [City of Batavia—Commissioner of Labor]*, 41 AD3d 1005, 1006 [2007]). It is well settled that excessive absences and tardiness preceded by warnings can constitute disqualifying misconduct (*see Matter of Anumah [Commissioner of Labor]*, 60 AD3d at 1217; *Matter of Cuccia [Martinez & Ritorto, P.C.—Commissioner of Labor]*, 55 AD3d 1115, 1116 [2008]). Here, the record demonstrates that claimant was tardy 23 times in 2007 before a final warning was issued in May 2007, and she was late six more times thereafter before finally being terminated in July 2007. As such, we find the Board's decision to be supported by substantial evidence.

We have examined claimant's remaining contentions and found them to be without merit.

Cardona, P.J., Peters, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.