In the Matter of DEBRA A. HILTON, Appellant. COMMISSIONER OF LABOR, Respondent. [888 NYS2d 677]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a bookkeeper for the employer until her employment was terminated for reporting late for work, after previously receiving a verbal warning that, due to previous tardiness, her employment was in jeopardy if such conduct persisted. Initially, an Administrative Law Judge determined that claimant's last incident of tardiness was due to circumstances beyond her control and awarded unemployment insurance benefits. On review, the Unemployment Insurance Appeal Board reversed, disqualifying claimant from receiving benefits on the ground that her employment was terminated for misconduct. Claimant now appeals.

We affirm. "Whether a claimant is guilty of disqualifying misconduct, within the meaning of the Labor Law, presents a factual issue for resolution by the Board and its decision, so long as it is supported by substantial evidence, will not be disturbed" (*Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor]*, 309 AD2d 1121, 1121 [2003] [citation omitted]; *accord Matter of Piervencenti [Crest/Good Mfg. Co., Inc.—Commissioner of Labor]*, 39 AD3d 1108, 1108-1109 [2007]). Moreover, it is well established that "continued tardiness, despite prior warnings, may constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (*Matter of Bianco [Commissioner of Labor]*, 53 AD3d 1002, 1003 [2008], *lv denied* 11 NY3d 711 [2008]; *see Matter of Cuccia [Martinez & Ritorto, P.C.—Commissioner of Labor]*, 55 AD3d 1115, 1116 [2008]; *Matter of Van Beek [Commissioner of Labor]*, 32 AD3d 622, 622 [2006]).

Here, claimant admittedly had been warned that further tardiness could result in her termination and does not dispute that she subsequently reported late for work. Claimant

maintains, however, that the specific tardiness that led to her termination was due to circumstances beyond her control, because the electricity in her apartment was turned off the night before without her knowledge, causing her to oversleep. The Board rejected this claim, noting evidence in the record that the lack of electricity had caused claimant to report to work late on previous occasions as well. The Board concluded that claimant was guilty of misconduct by reporting to work late due to her failure to take adequate steps to ensure that additional electrical shutdowns did not cause her to be tardy. Inasmuch as the Board's determination that claimant was guilty of disqualifying misconduct is supported by substantial evidence, it will not be disturbed.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.