■ In the Matter of the Claim of JOSE G. DIAZ, Appellant. COMMISSIONER OF LABOR, Respondent. [912 NYS2d 448]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant worked as a merchandise handler for the employer for approximately two years before his employment was terminated in September 2008 for an unauthorized leave of absence. Claimant thereafter applied for unemployment insurance benefits, and the Department of Labor issued an initial determination that, as relevant here, disqualified claimant from receiving benefits on the basis that he lost his employment due to misconduct. Ultimately, the Unemployment Insurance Appeal Board sustained that determination, and claimant now appeals.

We affirm. An employee's failure to provide documentation for an extended medical leave of absence may constitute disqualifying misconduct (*see Matter of Palmisano [Commissioner of Labor]*, 42 AD3d 798, 799 [2007]; *Matter of Cooper [Commissioner of Labor]*, 305 AD2d 894, 895 [2003]). Here, claimant's absence from his employment began in July 2008. It is undisputed that the employer sent a series of communications, which claimant acknowledged receiving, informing him that he was required to request a leave of absence. When he failed to do so, his employment was terminated. Accordingly, substantial evidence supports the Board's decision that claimant's extended and unauthorized absence constituted misconduct disqualifying him from receiving benefits (*see Matter of Cooper [Commissioner of Labor]*, 305 AD2d at 895).

Cardona, P.J., Mercure, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.