954

Garry, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 2009, which, among other things, ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from her employment in September 2005 after working for the employer as a Deputy Village Attorney for 12 years. The Department of Labor denied her claim for unemployment insurance benefits, finding that she had been discharged for misconduct. At claimant's request, a hearing was scheduled in March 2006, but claimant did not appear. An Administrative Law Judge (hereinafter ALJ) entered a default judgment sustaining the determination. In July 2008, claimant applied to reopen the claim. The ALJ denied the application following a hearing, finding the delay in making the request unreasonable. Upon claimant's appeal, the Unemployment Insurance Appeal Board determined that claimant was entitled to reopen the claim, that her request for the hearing had not been untimely, and that the credible evidence established no disqualifying misconduct on her part. Accordingly, the Board overruled the Department's initial determination and ruled that claimant was entitled to receive unemployment benefits. The employer appeals.

Whether to grant an application to reopen a decision is within the Board's discretion (*see* 12 NYCRR 463.6 [a]; *Matter of Maymi [Commissioner of Labor]*, 42 AD3d 845, 846 [2007]). When a party demonstrates a reasonable excuse for a default, it is not an abuse of the Board's discretion to grant the party's application to reopen a default decision (*see Matter of Albanese [Commissioner of Labor]*, 304 AD2d 945, 946 [2003]; *see also* 12 NYCRR 461.8). The Board found a reasonable excuse for claimant's default at the March 2006 hearing based upon her testimony that she called the Department before the hearing date to request an adjournment because her witness was unavailable and was told that she could wait several months to recalendar the matter. She further testified that she did not receive a copy of the default decision and was advised by the Department in late 2006 that the matter could still be reopened.

The determination that this testimony was credible was within the Board's province (*see Matter of Brown [Commissioner of Labor]*, 4 AD3d 604 [2004]). As for claimant's subsequent delay in applying to reopen the claim, the default decision specifically granted claimant leave to reopen "within a reasonable time." While the Board made no explicit findings in this respect, there is record evidence—including claimant's uncontradicted testimony that she applied to reopen after learning that the employer was advising prospective employers that she had been discharged for misconduct—from which it could have found that claimant acted within a reasonable time or showed good cause for her failure to do so. Accordingly, we do not find an abuse of the Board's discretion in reopening the case.

The employer next contends that the ALJ lacked jurisdiction to review the Department's initial determination because claimant did not request the March 2006 hearing within 30 days after the determination was mailed (*see* Labor Law § 620 [1] [a]; *Matter of Davis [Commissioner of Labor]*, 76 AD3d 1136 [2010]). The initial determination was mailed to claimant in December 2005. She testified that she received it within 30 days thereafter in January 2006, and mailed her request on that same date. The Board accepted this testimony and found the request, bearing the date on which claimant allegedly mailed it, to be timely, although the Department did not receive it until several weeks later. The credibility of this testimony again posed an issue for the Board to resolve (*see Matter of Hedo [New York City Dept. of Personnel—Commissioner of Labor]*, 19 AD3d 985, 985 [2005]; *Matter of Schwartz [Durhon Oldham Natl. Income Life—Commissioner of Labor]*, 17 AD3d 903, 903-904 [2005]), and we will not disturb its determination.

The employer further asserts that the credible evidence established that claimant was discharged for conducting her private legal practice on the employer's time, and that her discharge was not, as she claimed, merely politically motivated. Whether an employee was terminated for misconduct is a factual question for the Board to resolve, and its resolution of this issue will not be disturbed if supported by substantial evidence (*see Matter of Ponce [Commissioner of Labor]*, 75 AD3d 1041, 1041 [2010]; *Matter of Kuryla [Finger Lakes Community Coll.—Commissioner of Labor]*, 45 AD3d 1129, 1130 [2007]). The employer submitted three memoranda to claimant from her supervisor in support of the claimed misconduct. Claimant testified that she had received only one of these three documents prior to her termination, and she refuted the claims stated within the documents. Claimant also submitted testimony of two witnesses sup-

porting her claim that she and other members of the legal staff were discharged for political reasons following the election of a new mayor, and the employer did not offer evidence refuting this testimony. Upon reviewing the conflicting evidence, we note that claimant's occasional receipt of private legal mail at the employer's office, standing alone, did not conclusively establish that she conducted her private practice on the employer's time. There was no other evidence of wrongdoing; tardiness on one occasion does not necessarily constitute disqualifying misconduct (see e.g. Matter of Massucci [Blackman Plumbing Supply— Commissioner of Labor], 8 AD3d 737, 737-738 [2004]), even if claimant's explanation was inaccurate. Thus, substantial evidence supports the Board's conclusion that claimant did not engage in disqualifying misconduct and was entitled to unemployment insurance benefits.

Finally, the employer's contention that the Board acted improperly in failing to consider an opposing submission by the employer is without merit. The record establishes that neither party submitted any "statements, documents or briefs" within the seven-day period allowed (12 NYCRR 463.1 [f] [3]) following either the initial notice of receipt of appeal in March 2009 or the amended notice in July 2009. The evidence submitted by the employer on this issue is not properly before the Court, since it is outside the record (see Gagen v Kipany Prods., 289 AD2d 844, 845 [2001]), but, in any event, does not demonstrate that the Board considered any submission by either party.

Spain, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.