*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014            518448
_____

In the Matter of the Claim of
    ROSE CHERI J. BOWE,
                    Appellant.

SOUTHERN TIER HOME BUILDERS
    ASSOCIATION,                          MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  August 4, 2014

Before:  Stein, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ.

_____


        Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Shepard
of counsel), for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Joseph J. Steflik of
counsel), for Southern Tier Home Builders Association,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for Commissioner of Labor, respondent.

_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 8, 2013, which, among other things, denied
claimant's application to reopen a prior decision.

        Claimant, who worked as the executive officer for the
employer for approximately four years, had her employment
terminated in November 2009 after financial irregularities were
apparently discovered.  She thereafter applied for unemployment

insurance benefits and the Department of Labor issued an initial determination that, among other things, disqualified claimant from receiving benefits for having lost her employment due to misconduct.  Hearings were scheduled for June 2010 and November 2010, but claimant did not appear at either upon the advice of her attorney due to a pending criminal investigation.  In May 2012 or early June 2012, the investigation was completed and no charges were filed against claimant.  By correspondence dated August 31, 2012, claimant applied to reopen her claim.  Following a hearing, an Administrative Law Judge denied the application to reopen, finding that claimant did not demonstrate good cause to reopen the default because she did not make her request in a reasonable amount of time following the conclusion of the criminal investigation.  That determination was affirmed by the Unemployment Insurance Appeal Board and claimant now appeals.

We affirm.  Pursuant to 12 NYCRR 461.8, a case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time.  The decision as to whether to reopen a case rests primarily within the discretion of the Board and, "absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013] [internal quotation marks and citation omitted]).  Here, claimant, who was represented by counsel, explained only that she was out of state for an unspecified period of time following her father's death in April 2012 and that it therefore took a "few weeks" to work with her attorney "to get things going again."  Claimant contends that the Board has determined, on occasion, that delays of similar duration have been found to be "reasonable."  Accepting this to be true, it was for the Board to assess claimant's proffered explanation with regard to whether the delay was reasonable under the circumstances presented here (see Matter of Barto [Commissioner of Labor], 110 AD3d 1418, 1419 [2013]; Matter of Green [Village of Hempstead—Commissioner of Labor], 80 AD3d 954, 955 [2011]).  Based upon our review of the record, we are unable to conclude that the Board abused its discretion when it determined that claimant failed to demonstrate good cause to reopen the default decision.

Stein, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court