*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    522041
_____

In the Matter of the Claim of
    STEVEN PUELLO,
                        Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., Garry, Lynch, Clark and Aarons, JJ.

_____

        Steven Puello, Union City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 14, 2015, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

        Claimant, a retail associate since 2006, was late to work
on six occasions in less than one month and received a written
warning on December 29, 2014 advising him that further such
conduct may result in disciplinary action including termination.
After claimant was tardy reporting to work on several occasions
in January 2015, including on January 14, 2015, his employment
was terminated on January 15, 2015 for continued lateness.  His
application for unemployment insurance benefits was denied on the
ground that he was terminated for misconduct which, following a
hearing, was upheld by the Administrative Law Judge and affirmed
by the Unemployment Insurance Appeal Board.  Claimant appeals.

We affirm.  "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Chirico [City of Syracuse–Commissioner of Labor], 136 AD3d 1137, 1138 [2016] [internal quotation marks and citation omitted]).  Continued tardiness and failure to comply with an employer's established policy regarding tardiness despite warnings has been held to constitute disqualifying misconduct (see Matter of Khan [Commissioner of Labor], 75 AD3d 971, 971 [2010]; Matter of Hilton [Commissioner of Labor], 67 AD3d 1220, 1220 [2009]; Matter of Kazaka [Commissioner of Labor], 46 AD3d 1071, 1072 [2007]; Matter of Valenta [Commissioner of Labor], 38 AD3d 1070, 1071 [2007]).  Claimant testified that he received the written warning regarding his excessive tardiness on December 29, 2014 and was aware of the employer's written policy regarding tardiness. Claimant admitted that he was late to work on January 14, 2015, explaining that he had fallen asleep on the commuter train and missed his stop, but offered no testimony or proof that his tardiness was attributable to a medical condition (compare Matter of Suchocki [St. Joseph's R.C. Church–Commissioner of Labor], 132 AD3d 1222, 1223 [2015]).  Given the foregoing, we find that substantial evidence supports the Board's finding that claimant's tardiness was not justified and that he was discharged from his employment for misconduct (see id.; Matter of Khan [Commissioner of Labor], 75 AD3d at 971).

Lahtinen, J.P., Garry, Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court