■ In the Matter of the Claim of RICHARD REYES, Appellant. COMMISSIONER OF LABOR, Respondent. [60 NYS3d 714]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 2016, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

On November 21, 2015, claimant, a sales associate for a department store, was given a final written warning regarding

his tardiness, which claimant signed. Three days later, despite being aware that his job was in jeopardy, claimant arrived for work 45 minutes late and was terminated from his employment. Claimant subsequently applied for and obtained unemployment insurance benefits based upon his representation that he lost his employment due to "lack of work." The Unemployment Insurance Appeal Board ultimately determined that claimant was disqualified from receiving benefits because his employment had been terminated as a result of misconduct and, further, charged him with a recoverable overpayment pursuant to Labor Law § 597 (4). Claimant now appeals.

We affirm. "Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence" (*Matter of Camacho [Puppy Paths—Commissioner of Labor]*, 137 AD3d 1403, 1404 [2016] [internal quotation marks and citations omitted]; *see Matter of Pierre [FJC Sec. Servs., Inc.—Commissioner of Labor]*, 141 AD3d 1069, 1069 [2016]). "[I]t is well established that continued tardiness, despite prior warnings, may constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (*Matter of Hilton [Commissioner of Labor]*, 67 AD3d 1220, 1220 [2009] [internal quotation marks and citations omitted]; *see Matter of Puello [Commissioner of Labor]*, 140 AD3d 1514, 1514 [2016]; *Matter of Khan [Commissioner of Labor]*, 75 AD3d 971, 971 [2010]; *Matter of Goodridge [Commissioner of Labor]*, 65 AD3d 1415, 1416 [2009]).

Here, although claimant attributed his tardiness to ongoing public transportation issues, the validity of the proffered excuse presented a factual issue for the Board to resolve (*see generally Matter of Anumah [Commissioner of Labor]*, 60 AD3d 1216, 1217 [2009], *lv denied* 13 NY3d 706 [2009]). Inasmuch as claimant, who was well aware of the impact of construction delays upon his commute, reported to work 45 minutes late only three days after he received a final warning that such conduct could result in his termination, we find the Board's decision to be supported by substantial evidence. We reach a similar conclusion regarding the Board's finding that claimant falsely represented that he had separated from his employment due to a lack of work (*see Matter of Skura [Commissioner of Labor]*, 116 AD3d 1330, 1331 [2014]; *Matter of King [Commissioner of Labor]*, 107 AD3d 1219, 1220 [2013]). Claimant's remaining contentions, including his assertion that he was denied a fair hearing before an impartial administrative law judge, have been examined and found to be lacking in merit.

McCarthy, J.P., Egan Jr., Clark, Aarons and Pritzker, JJ., concur. Ordered that the decision is affirmed, without costs.