Matter of LeSane (Commissioner of Labor) (2019 NY Slip Op 00660)





Matter of LeSane (Commissioner of Labor)


2019 NY Slip Op 00660


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526935

[*1]In the Matter of ROBERT M. LeSANE, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ.


Robert M. LeSane, Albany, appellant pro se.
Letitia James, Attorney General, New York City (Bessie Bazile of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
After three years of disciplinary action and a final written warning, claimant, a maintenance worker at a grocery store, was terminated after arriving late to work. Claimant filed a claim for unemployment insurance benefits, which was denied on the ground that he was discharged for misconduct. After a hearing upon claimant's request, the determination was upheld by an Administrative Law Judge and, later, by the Unemployment Insurance Appeal Board. Claimant appeals, and we affirm.
"Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence" (Matter of Reyes [Commissioner of Labor], 153 AD3d 1551, 1552 [2017] [internal quotation marks and citations omitted]). "It is well established that continued tardiness, despite prior warnings, may constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (id. [internal quotation marks, brackets and citations omitted]; accord Matter of Puello [Commissioner of Labor], 140 AD3d 1514, 1514 [2016]; Matter of Hilton [Commissioner of Labor], 67 AD3d 1220, 1220 [2009]).
Here, claimant testified at the hearing that he was aware of his employer's lateness policy, that he had received numerous warnings about his tardiness, including a written coaching memorandum on December 31, 2017 informing him that any further violation of the policy would jeopardize his employment. He further admitted that, despite the recent warning, he reported to work nearly 3½ hours late on January 2, 2018. The Board was free to reject claimant's conflicting explanations for his lateness (see Matter of Reyes [Commissioner of Labor], 153 AD3d at 1552). Similarly, claimant's controverted assertion that he was terminated in retaliation for filing a complaint against a manager in July 2017 presented a credibility issue for the Board to resolve (see Matter of Miles [Commissioner of Labor], 54 AD3d 467, 468 [*2][2008]; Matter of Childs [Kaleida Health-Commissioner of Labor], 42 AD3d 620, 621 [2007]; Matter of Denton [Commissioner of Labor], 7 AD3d 869, 870 [2004]). Accordingly, we find the Board's decision to be supported by substantial evidence.
Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.